### 8147.  CHAPMAN v. CENTRAL OF GEORGIA RAILWAY CO.

1.  "Where a petition setting out a cause of action has been filed and followed up by the issuance of process and service, the time of the commencement of the suit is the date of its filing.  But where, after such filing, no process of any character was issued and annexed to the petition, nor waived, before the commencement of the term to which the petition was made returnable, there was in fact no suit pending. The filing of the petition without more does not operate to commence a suit; nor has the judge in such a case authority, at or after the return term, to order a new process to issue."

2.  A suit by a widow to recover for the negligent homicide of her husband must be brought within two years from the accrual of the right of action.

3.  The court did not err in sustaining the demurrer and dismissing the petition.

DECIDED JUNE 15, 1917.

Action for damages; from Monroe superior court—Judge Searcy. June 24, 1916.

*Persons & Persons, R. B. Blackburn,* for plaintiff.

*Cleveland & Goodrich, Willingham & Willingham,* for defendant.

LUKE, J. Mrs. A. D. Chapman filed with the clerk of Monroe superior court on August 26, 1913, a petition alleging that her husband was negligently killed by the Central of Georgia Railway Company on October 8, 1911. The clerk did not attach process to the petition, and there was no service on the defendant, and on February 4, 1914, at the term of court which would have been the return term of the suit if there had been due process and service, the court passed the following order: "It appearing to the court that the clerk of the court failed to attach process to the within petition and cause the same to be served as required by law so that the same would have been returned to this the February term, 1914, it is therefore ordered that the clerk do now attach process to said petition and process be served on the defendant, and that said case of A. D. Chapman *v.* Central of Ga. Ry. Co. do stand returnable to the August term, 1914, of this court." The petition, with process attached, as directed by the order of the court, was served on July 12, 1914. The defendant demurred upon the following grounds: "The petition shows on its face that plaintiff's husband, W. L. Evans, received his injuries on the 8th day of October, 1911, and died on the same day. The petition shows on its face that it was filed in office August 26, 1913, but no process was attached to said petition until the 4th day of February, 1914. Defendant shows that said action was not commenced within two years from the time of the death of her husband, and for this reason the suit is barred by the statute of limitations. The order of the judge, dated February 4, 1914, was without authority of law, and did not stop the running of the statute, and the filing of the petition without attaching process was not the commencement of the suit as provided by law, and the petition shows on its face that it was not commenced within the time prescribed by law." The demurrer was sustained and the case dismissed, and the plaintiff excepted.

1. Is the mere filing of a petition in the court, without process being attached, the commencement of a suit? Did the court have authority to pass the order in question, and did the passing of that order at the term to which the cause would have been returnable had there been due service of the petition with process attached have the effect of making the day of filing the petition the day of commencement of the suit, so as to bring the suit within the statute

of limitations? All suits in the superior courts must be by petition to the court, signed by the plaintiff or his counsel, setting forth the complaint with prayer for process. Civil Code (1910), § 5538. "Upon every petition the clerk shall indorse the date of its filing in office, which shall be considered the time of the commencement of the suit." Civil Code (1910), § 5551. To every petition the clerk shall annex a process requiring the appearance of the defendant at the return term of the court. Civil Code (1910), § 5552. The mere filing of a petition, without service, will not suffice to authorize the action to be treated as commenced and pending. There must be service, to create a suit pending between the parties dating from the date of filing. *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. 593). In construing what is now section 5551 of the Civil Code (1910), Justice Hawkins, in *Cherry* v. *North &c. R.,* 65 *Ga.* 633, 636, said: "It is true the code says the filing of the declaration with the clerk is regarded as the commencement of the suit, but this must be construed with kindred regulations for suits and the service thereof." In *Ferguson* v. *New Manchester Mfg. Co.,* 51 *Ga.* 509, it was held: "The filing of a declaration in the clerk's office, when service has been perfected as required by law, will be considered the commencement of the suit; aliter where there has been no service." It is now well settled that the filing of the petition will not be considered the commencement of the suit, unless followed up by proper service. *McLendon* v. *Phosphate Co.,* 100 *Ga.* 219 (28 S. E. 152); *Florida Central &c. Co.* v. *Ragan,* 104 *Ga.* 353 (30 S. E. 745); *Jordan* v. *Bosworth,* 123 *Ga.* 879, 880 (51 S. E. 755).

Before the date of filing of a petition shall be considered the day of the commencement of the suit, there must be process, as well as service. In *Nicholas* v. *British America Assurance Co.,* 109 *Ga.* 621 (34 S. E. 1004), it was held: "Where a petition setting out a cause of action has been filed and followed up by the issuance of process and service, the time of the commencement of the suit is the date of its filing. But where, after such filing, no process of any character was issued and annexed to the petition, nor waived, before the commencement of the term to which the petition was made returnable, there was in fact no suit pending." See also *Toole* v. *Cook,* 15 *Ga. App.* 133 (82 S. E. 772). There being no suit pending, the court could not, at the term to which, had there

been process attached to the petition, and service, the suit would have been returnable, give life to the cause, as of the date of filing, by directing that process be issued and service be made.

2. "An action by a wife to recover damages for the negligent homicide of her husband is an action for an 'injury done to the person,' and must be brought within two years after the date of the death of the husband." *Atlantic, Valdosta, and Western Railroad Co.* v. *McDilda,* 125 *Ga.* 468 (54 S. E. 140, 114 Am. St. R. 240). A void suit will not prevent the running of the statute of limitations. *Williams* v. *Wardlaw,* 46 *Ga.* 126; *Edwards* v. *Ross,* 58 *Ga.* 147. This suit was not commenced within two years, and was barred by the statute of limitations. The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Wade, C. J., and George, J., concur.*