ODOM, next friend, *et al. v.* ATLANTA & WEST POINT RAILROAD COMPANY *et al.*

No. 17429.   ARGUED MARCH 13, 1951—DECIDED APRIL 9, 1951—
REHEARING DENIED MAY 16, 1951.

*J. V. Poole,* for plaintiffs.

*Heyman, Howell & Heyman, Morris B. Abram,* and *Robert G. Young,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) One of the grounds of demurrer asserted that any claim against Atlanta & West Point Railroad Company by reason of the homicide would be barred by the statute of limitations. Code § 3-1004 requires that injuries to persons be brought within two years after the right of action accrues. The alleged injury occurred November 16, 1947, and the instant proceeding was

not brought until December 22, 1950. "An action by a wife to recover damages for the negligent homicide of her husband is an action for an 'injury done to the person,' and must be brought within two years after the date of the death of the husband." *Atlantic, Valdosta & Western R. Co.* v. *McDilda*, 125 *Ga.* 468 (54 S. E. 140, 114 Am. St. 240); *Chapman* v. *Central of Georgia Ry. Co.*, 20 *Ga. App.* 251 (92 S. E. 1025). Should an action for the homicide now be brought voluntarily by the widow, or in her name under authority of a court order, it would show upon its face that it was barreed by the statute. The petition alleges that the widow and the railroad company made a fraudulent settlement of the claim on November 23, 1947, which was more than two years prior to the institution of this suit. There is no allegation that the petitioners did not at that time have knowledge of the alleged fraudulent settlement, and the petition, being strictly construed, would show such knowledge. Under Code § 3-807, the statute of limitations would run from the time of the discovery of the fraud, and more than two years having elapsed since that time, the action would still be barred by the statute.

A court of equity should not, by order, require the filing of a suit which would show by the petition sought to be filed that it is barred by the statute of limitations.

No ruling is made on other grounds of demurrer. The trial court did not err in sustaining the demurrer on grounds ruled upon above.

*Judgment affirmed. All the Justices concur.*