## 49285. BRER RABBIT MOBILE HOME SALES, INC. et al. v. PERRY et al.

DEEN, Judge.

As reconstructed on the motion for summary judgment, the denial of which is enumerated as error, the plaintiff was following appellant's wide-load tractor-trailer for a number of miles, both vehicles proceeding at a reasonable speed, and about four car lengths apart. As they crossed a bridge there was approaching them a Ford car followed by a heavily loaded truck. The truck hit the lead car, which then swerved across the bridge and hit plaintiff's vehicle, knocking it into the water below. The plaintiff barely escaped with her life.

The collision occurred on February 27, 1970. The plaintiff Perrys filed suit March 24, 1971, in the superior court of Ben Hill County, naming as defendants the executors of the estate of Mrs. Yawn whose car hit that of Mrs. Perry, Clements and Etheridge, the owner and

operator respectively of the approaching truck which hit Mrs. Yawn's car. The owner and driver of the tractor-trailer, who were unknown at the time, were also named defendants and designated John Doe. This action was dismissed and a second suit filed in the superior court of Laurens County on November 25, 1972, within the six months renewal period, the latter action being the same except that Brer Rabbit Mobile Home Sales, Inc. and its driver were substituted for John Doe. It was held in *Sims v. American Cas. Co.*, 131 Ga. App. 461 (206 SE2d 121), that where a complaint is filed against a John Doe as allowed by Code Ann. § 81A-110 (a), but there is no service on the entity intended prior to the running of the statute of limitation, the limitation plea is good unless there has been prior notice of the institution of the action or its equivalent so as to bring the case within the exception stated in Code Ann. § 81A-115 (c). No such notice appears in this record. Accordingly, at the time Brer Rabbit was served the two years had run, and it could not have been served even in the original action. A fortiori, no such substitution could be made in a renewal suit.

The trial court erred in denying appellants' motion for summary judgment.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED MAY 7, 1974 — DECIDED MAY 13, 1974 — REHEARING DENIED JUNE 14, 1974 —

*Sharpe, Hartley & Newton, W. Ward Newton,* for appellants.

*Dubignion Douglas, Carl K. Nelson, Walters & Davis, J. Harvey Davis,* for appellees.