49770. GLOVER v. DAVENPORT et al.

STOLZ, Judge.

In this action by a widow for damages for the wrongful death of her husband, there was no service on the defendant driver of the automobile which killed the defendant, and the co-defendant, who allegedly negligently entrusted the said automobile to the defendant driver, became in default. Three years after the action was filed, the plaintiff's uninsured motorist insurance carrier was served in the action. Thereafter, the action was dismissed for want of prosecution, then reinstated upon the plaintiff's motion. Two days after the date stipulated by the plaintiff, before which the defendants were allowed to file any defensive pleadings, the plaintiff's uninsured motorist insurer filed its answer and cross claim. The trial of the case resulted in a directed verdict for the defendant, from which judgment the plaintiff appeals. *Held:*

"An insurer purportedly providing uninsured motorist coverage to the plaintiff in an action against a known uninsured owner or operator who is alleged to be a tortfeasor is a party at interest to be served 'as though . . . actually named as a party defendant' and is accorded the right, under present law, 'to file pleadings, and take other action allowable by law in the name of either the known owner or operator or both or itself.' Ga. L. 1967, pp. 463, 464; Code Ann. § 56-407.1 (d) . . . [T]o the extent that it may purport to act directly in its own name, and

thereby elect to assume the status of a named party, we think the rules of practice and procedure apply to it *commencing when service is perfected."* (Emphasis supplied.) *Home Indemnity Co. v. Thomas,* 122 Ga. App. 641 (178 SE2d 297).

In the instant case, service was not perfected on the appellee insurer until three years after the filing of the action, during which time the one defendant who was served had become in default. "[A] person may waive or renounce what the law has established in his favor, *when he does not thereby injure others* or affect the public interest." (Emphasis supplied.) Code § 102-106. Thus, although the named, served defendant could and did waive his right to defend against the action, his waiver and default can not be permitted to injure the statutory right of the appellee insurer to defend the action in its own name, which would be the result if the insurer were held to be bound by the defendant's admissions, as the appellant contends, based upon Code Ann. § 81A-108 (d) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230).

The plaintiff's action was based upon "the theory of negligent entrustment, whereby liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness." *Saunders v. Vikers,* 116 Ga. App. 733, 735 (5) (158 SE2d 324) and cits.

The evidence adduced by the plaintiff at the trial failed to prove the essential elements of her claim, i.e., that the defendant had ownership (or control) of the automobile so as to be able to entrust it to another; that the entrustment, if any, was negligent; that the driver was negligent; and that the driver's negligence was a concurring proximate cause of the decedent's death. The failure to prove the above elements authorized the directed verdict in favor of the defendant alleged entrustor.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED OCTOBER 1, 1974 — DECIDED OCTOBER 23, 1974.

*Peter K. Kintz,* for appellant.
*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Warren C. Fortson,* for appellees.