## 29700. WHITE v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY et al.

UNDERCOFLER, Presiding Justice.

This case arose out of an accident which occurred on April 15, 1973. On August 27, 1973, the insurance company notified all of the defendants that it had $20,000 liability coverage for personal injuries growing out of the accident. On April 29, 1973, Robert and Louise Nettles filed a claim for damages against the insured driver of the vehicle and on June 27, 1974, Eston and Rose Outlaw filed a similar claim. On September 15, 1974, judgments on these claims were obtained against the insured driver of the vehicle which judgments exceeded the amount of insurance coverage. On November 18, 1974, the insurance company filed a complaint for interpleader and paid into the court its $20,000 liability coverage and requested the court to adjudicate the amount which should be paid to each of the defendants. On November 26, 1974, Viola Faye White filed a complaint against the insured driver of the vehicle in the U. S. District Court for the Middle District of Georgia seeking to recover for her personal injuries and for the death of her husband.

The trial court held that the judgments obtained on September 15, 1974, were of equal dignity and took priority over any judgment which might be subsequently rendered against the insured driver of the vehicle. The appeal is from this ruling. *Held:*

1. Code § 110-507 provides: "All judgments obtained in the superior, justices', or other courts of this State shall be of equal dignity, and shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as otherwise provided in this Code."

Code § 110-505 provides: "All judgments signed on verdicts rendered at the same term of the court shall be considered, held, and taken to be of equal date."

In the lifetime of the decedent judgments rank according to seniority (*Herrington v. Tolbert,* 110 Ga. 528, 530 (35 SE 687)) except as provided by Code Ann. § 110-507.1 (Ga. L. 1947, p. 1138). The judgment which the defendant White seeks to obtain would not fall within Code Ann. § 110-507.1 because it was not on a suit filed

within twelve months from the date of the happening of the occurrence as provided by such Code section.

The case of *Cannon v. Tant,* 229 Ga. 771, 773 (195 SE2d 15) is not applicable to the facts of this case because there the claim was against the administrator of the decedent driver and this court held that judgments obtained after the death of the intestate are not elevated to a higher priority as a result of their diligence.

It follows that the trial court did not err in holding that the judgments obtained on September 15, 1974, were of equal dignity and took priority over any judgment which might be subsequently rendered.

2. The appellant contends that the trial court erred in sanctioning the interpleader petition and in entering its findings of fact and conclusions of law because the interpleader complaint did not comply with the requirements of verification and contained no affidavit as to no collusion as required by Code § 37-1504.

In the trial court the appellant did not object to the interpleader petition and by filing an answer impliedly waived the affidavit. 45 AmJur2d 457, § 31. Compare *Davis v. Davis,* 96 Ga. 136 (4) (21 SE 1002); Georgia Procedure and Practice (3d Ed.), p. 151, § 6-9; *Algernon Blair, Inc. v. Trust Co. of Ga. Bank of DeKalb,* 224 Ga. 118 (160 SE2d 395).

*Judgment affirmed. All the Justices concur.*

Submitted March 4, 1975 — Decided April 17, 1975.

*Barham & Bennett, Ed. G. Barham, Lee R. Williams,* for appellant.

*Walters & Davis, J. Harvey Davis, Farrar & Farrar, Arthur C. Farrar, Walker, Yancey & Gupton, Reuben H. Yancey, Fred Belcher,* for appellee.