## 50626. MOULDEN SUPPLY COMPANY v. ROJAS et al.

STOLZ, Judge.

On October 5, 1973, the plaintiff widow, individually and as personal representative of her late husband's estate, filed this wrongful-death action against Aeroquip Corporation and four other unidentified "John Doe" defendants, one of which was designated "Defendant No. 3 and 4, the entity that marketed, sold, and/or distributed

said hose or under whose name said hose was marketed, sold or distributed." The incident in which the plaintiff's husband was fatally burned occurred in the State of North Carolina on October 7, 1971, and resulted in his death on October 21, 1971. On May 21, 1974, the plaintiff amended her complaint, adding appellant Moulden Supply Co. as Defendant No. 3, alleging that it was the entity that marketed, sold and/or distributed the hose (alleged to be defective) referred to in the complaint. The appellant, a Mississippi concern, was served with a copy of the complaint and summons on June 3, 1974. In its answer, the appellant asserted the defense of the statute of limitation among other defenses. Subsequently, the appellant filed its motion for summary judgment, based upon the pleadings, several depositions, the affidavit of John Titcomb and all other filings of record herein. In the brief supporting its motion for summary judgment, the appellant relies on the statute of limitation and lack of privity. The trial judge denied the motion for summary judgment. The case is now before us via certificate for immediate review. *Held:*

The trial judge was in error. The motion for summary judgment should have been granted.

Under North Carolina law, wrongful-death actions must be brought within two years after the maturity of such claims. General Statutes of North Carolina, § 1-53 (4). Such claims are brought by the executor, administrator or collector of the decedent. General Statutes of North Carolina, § 28-173. North Carolina cases construing these statutes do not provide for suspending the limitation period for any time lapse between the death of the decedent and the appointment of a personal representative. Thus, in Reid v. Smith, 5 N. C. App. 646 (169 SE2d 14), the decedent was killed on January 8, 1965; suit was filed on May 31, 1965, *alleging* the plaintiff to be the administratrix, when in fact she had not even offered herself for qualification as such; the subsequent appointment as administratrix on August 17, 1967 (more than two years after the death) was held not to relate back to the filing date.

In Georgia, an action for wrongful death is for an injury done to the person and must be brought within two

years after the date of the death. *Chapman v. Central of Ga. R. Co.,* 20 Ga. App. 251, 254 (2) (92 SE 1025) and cits.; Code Ann. § 3-1004; *Odom v. Atlanta & West Point R. Co.,* 208 Ga. 45, 47 (64 SE2d 889).

In the case before us, the plaintiff commenced her action within the two-year limitation period, but did not name the appellant as a party or serve the appellant with a copy of the complaint and summons until *after* the two-year limitation period had passed.

Code Ann. § 81A-115 (c) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694) provides, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings *if the foregoing provisions are satisfied,* and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis supplied.)

There is nothing in the record to indicate that either of the two exceptions stated in Code Ann. § 81A-115 (c), supra, exists and there is positive evidence in the form of an affidavit in support of the motion for summary judgment that the appellant first became aware that the plaintiff was seeking relief against it when service was perfected against it in May, 1974, and that prior to that, the appellant had no knowledge that anyone had made a claim of any type against it or that any such claim was threatened or contemplated as a result of the death alleged in the plaintiff's complaint. (R. 186-187)

In *Sims v. American Cas. Co.,* 131 Ga. App. 461, 481, 482 (206 SE2d 121), this court construed Code Ann. § 81A-115 (c), supra, in a factual context procedurally identical to this case and held that "Where a complaint has been filed against one designated by a fictitious name

as allowed by Code Ann. § 81A-110 (a), but no service on that defendant has been made prior to the running of the statute of limitation, and after the running of the statute it is desired to substitute the name of and serve the actual defendant, said substitution and service constitute 'changing the party against whom a claim is asserted' within the meaning of Code Ann. § 81A-115 (c) *and the requirements of the latter statute must be met before such substitution may be made." P. 462 (4). (Emphasis supplied.) In reaching this conclusion, the court noted, "We find that the first amendment to the complaint substituting named companies for the 'Does' in the initial complaint arose out of the conduct, transaction or occurrence set forth in the original pleading; however no party here has called to our attention any evidence in the record that the defendants sought to be added or any of them received notice of the institution of the action or that but for mistake the action would have been brought against it. Plaintiff does not even appear to allege notice, having approached the issue in the trial court entirely from the position that due diligence on its own part in identifying correct defendants was all that was required. The requisites of Code Ann. § 81A-115 (c) not having been met, the trial court correctly granted summary judgment on the wrongful death count to the Enumeration Two defendants." P. 483. See also *Brer Rabbit Mobile Home Sales v. Perry,* 132 Ga. App. 128 (207 SE2d 578).

*Judgment reversed. Deen, P. J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED APRIL 30, 1975 — DECIDED JUNE 23, 1975.

*Hull, Towill, Norman, Barrett & Johnson, Patrick J. Rice,* for appellant.

*Sanders, Hester, Holley, Askin & Dye, Otis F. Askin, William C. Reed, A. Montague Miller, T. Allen Childs, William J. Williams,* for appellees.