### 50698. VAUGHN v. COLLUM et al.

STOLZ, Judge.

On January 2, 1971, an automobile collision occurred involving plaintiff Annie K. Vaughn's vehicle and that of defendant J. W. Collum, Jr., which was being operated by his son, D. E. Collum. The plaintiff filed suit for damages on March 28, 1972. Both defendants were served with a copy of the complaint and summons on March 30, 1972, and filed their joint answer on April 28, 1972. On December 5, 1974, the plaintiff caused a copy of the complaint and summons to be served on Federated Mutual Insurance Company. Identifying itself as a "party in interest," Federated Mutual filed a motion to dismiss the complaint based on the statute of limitation and other defenses. The trial judge sustained Federated Mutual's motion to dismiss, from which judgment the plaintiff appeals. *Held:*

The statutory law of this state relating to uninsured

motorist insurance, coverage, notice, etc., is set forth in Code Ann. § 56-407.1 (Ga. L. 1963, p. 588; as amended, Ga. L. 1973, p. 487). Subsection (d) thereof provides in part: "In cases where the owner or operator of any vehicle causing injury or damages be known, and either or both be named as defendants in any action for such injury or damages, a copy of such action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant . . . In any case herein where service upon an insurance company is prescribed, the clerk of the court in which the action is brought shall have same accomplished by issuing a duplicate original copy for the sheriff or marshal to place his return of service in the same form and manner as prescribed by law for a party defendant."

In *Moulden Supply Co. v. Rojas,* 135 Ga. App. 229 (217 SE2d 468), *Brer Rabbit Mobile Homes Sales v. Perry,* 132 Ga. App. 128 (207 SE2d 578), and *Sims v. American Cas. Co.,* 131 Ga. App. 461, 481 (206 SE2d 121), this court construed Code Ann. § 81A-115 (c) (relation back of amendments) in cases involving "John Doe" or unknown defendants as allowed by Code Ann. § 81A-110 (a), where there was no service on the entity intended prior to the running of the statute of limitation, holding that the limitation plea was good unless there has been prior notice of the institution of the action or its equivalent so as to bring the case within the exception stated within Code Ann. § 81A-115 (c) and that, in the absence of such in the record, the statute of limitation plea should be sustained. However, the situation in this case, while analogous, does not present precisely the same legal issue. Nor does Code Ann. § 81A-121, which provides for parties being added or dropped by order of the court on motion of any party. Here, no motion was made to the court and no order taken allowing the addition of the uninsured motorist carrier as a party. In *Humble Oil &c. Co. v. Fulcher,* 128 Ga. App. 606 (1) (197 SE2d 416), the addition of a party defendant was allowed where the motion to add was filed within the limitation period, even though service was perfected one day thereafter. In *McNeal v. Able,* 135 Ga. App. 702 (218 SE2d 460), plaintiff sued three defendants jointly and

severally on May 16, 1968, but obtained service of summons on only one defendant within the statutory period. The remaining two defendants were not served until April 24 and April 25, 1974, respectively. This court reversed the trial court's denial of the two "late served" defendants' motion to dismiss based on the statute of limitation holding that the plaintiff was guilty of laches. The court noted that it would have been "gross error to allow the plaintiff to awaken from his long five-year sleep and suddenly come alive and secure service and relief from his inexcusable neglect after more than 5 years." The uninsured motorist carrier is not a defendant as such in this litigation. Under the statute, it is entitled to notice of the pendency of the action "as though . . . named as a party defendant" (Code Ann. § 56-407.1 (d)) because of its potential liability under its insurance policy. Thus, while not actually a defendant, though it could defend the case in its own name, the uninsured motorist carrier has a strong financial interest in the litigation. As such, it is entitled to notice of the pendency of the action on the same basis as though a defendant. Notice given in the form of service of a copy of the complaint and summons almost four years after the collision and over two and one half years after the suit was served on the individual defendants, affords the uninsured motorist carrier the benefit of the bar of the statute of limitation. The trial court correctly sustained Federated Mutual's motion to dismiss.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian and Marshall, JJ., concur. Evans, Clark and Webb, JJ., dissent. Pannell, P. J., concurs in the result of the dissent.*

ARGUED MAY 21, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED NOVEMBER 6, 1975 —

*Richard L. Powell,* for appellant.
*William Morgan Akin,* for appellees.

EVANS, Judge, dissenting.

While I voted to affirm when this case was first considered, on motion for rehearing, I have decided that

vote was wrong, and I now dissent and vote to reverse. The reasons for my present position as to reversal are as follows:

Plaintiff, Vaughn, sued defendants Collum, father and son; and service was perfected on the 30th day of March, 1972. The defendants were uninsured motorists, and service of the suit was not perfected upon the insurer of plaintiff (having an uninsured motorist policy) until the 5th day of December, 1974, which was approximately three years after suit was filed. But the suit against the defendant who was served earlier had not been tried.

In a nutshell, the original defendant must be served within the statutory time with reasonable diligence, but the insurer in an uninsured motorist case is not required to be served as is the original defendant, because the insurer comes into the case by way of contract, and the contract lasts for not less than six years.

The uninsured motorist law (Code Ann. § 56-407.1) does not make the insurance company issuing the policy a party defendant, but merely states that a copy of the suit shall be served as prescribed by law upon the insurance company as though such insurance company were actually named as a party defendant. See *State Farm Mut. Auto. Ins. Co. v. Brown,* 114 Ga. App. 650 (152 SE2d 641). Here the uninsured motorists were properly served within the two-year statute of limitation. Of course, the insurer is entitled to intervene into the action against the uninsured motorist, but it takes the case as it finds it, and has no greater rights than that of the defendant. Only when the insurance company elects to come into the proceedings as a defendant, do the rules of practice and procedure apply to it; and when it acts as a party at interest, that is, in the name of the defendant (an alleged tortfeasor), its action as that party is governed by the rules of practice and procedure applicable to that defendant. See *Home Indem. Co. v. Thomas,* 122 Ga. App. 641 (178 SE2d 297); *Glover v. Davenport,* 133 Ga. App. 146 (210 SE2d 370). To the extent "that it may purport to act directly in its own name, and thereby elect to assume the status of a named party, we think the rules of practice and procedure apply to it *commencing when service is perfected.*" The above language is found in the *Home*

*Indem. Co.* and *Glover* cases.

The cases cited by the majority, including that of *McNeal v. Able,* 135 Ga. App. 702 (218 SE2d 460), all deal with service in regard to the defendant *within its statute of limitation as to a tort,* that is two years. Here, the defendant was served within the statute of limitation, and the majority seek to apply a rule in favor of the party at interest as if it were a defendant not served within two years. I also call attention that the relation between the party at interest and the plaintiff is that of contracting parties, and if any statute of limitation should be allowed, it would be that of six years as for actions on the contract.

In *Glover v. Davenport,* 133 Ga. App. 146, supra, the actions of a defendant in an uninsured motorist case were not allowed to control the insurer since it was not a party. Therefore, the rights of the insurer here began only after service was perfected upon it.

I cannot agree that the insurer can here assume the rights of a defendant (when it is only a party at interest) and contend this suit is void because it has not been served upon it within the statute of limitation applying to the defendant. Its relation with the plaintiff is that of a contracting party, and only after judgment had been obtained against the defendant can it be sued as a defendant, although it may elect of its own accord to become a defendant under the statute.

It is also noted that in the *Glover* case, the insurer was not served until three years after the filing of the action, and it was not allowed to be harmed by the failure of the defendant to answer and become in default. That default did not apply to the insurer. In the case sub judice, service was perfected on the insurer in less than three years. No injury has been shown to have occurred to this defendant. The two-year statute of limitation controlling injury to the person just simply does not apply to this party at interest. I therefore dissent.

I am authorized to state that Judges Clark and Webb concur in this dissent, and Presiding Judge Pannell concurs in the result of this dissent.