Viola F. WHITE (Lehman),
Plaintiff-Appellee,

v.

John Cecil WRIGHT, Defendant,

State Farm Mutual Automobile Insurance
Company, Defendant-Appellant.

No. 77–2382
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1978.

F. Thomas Young, Valdosta, Ga., for defendant-appellant.

Lee R. Williams, Douglas, Ga., Edwin G. Barham, Valdosta, Ga., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

Plaintiff Viola White brought this diversity suit for damages arising out of an automobile accident with defendant John Cecil Wright. Almost ten months later, State Farm Mutual Automobile Insurance Company was served with the complaint pursuant to Georgia's Uninsured Motorist Act, Ga.Code Ann. § 56–407.1 (1977). The district court found State Farm liable under the uninsured motorist policy held by the plaintiff. On appeal State Farm contends that the district court's judgment should be reversed because the applicable limitations period had run and because defendant Wright was not an uninsured motorist within the meaning of the Georgia statute. Finding State Farm's analysis of the limitations question to be the correct interpretation of Georgia law, we reverse.

The automobile collision which is the basis of this suit occurred on April 15, 1973. Plaintiff's husband was killed and two other couples in the car were injured. The two injured couples brought suit against defendant Wright in state court, and obtained judgments on September 15, 1974. Plaintiff White was not a party to that suit. On November 18, 1974, defendant Wright's liability insurance carrier filed an interpleader in the state court where the judgment against Wright had been obtained. White brought this suit against Wright in federal district court on November 26, 1974. With this suit pending, plaintiff then made a special appearance in the state court where the interpleader had been filed and sought to stop distribution of the interpleaded insurance funds pending the outcome of her

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

suit in district court. The state court refused to stop distribution, and that decision was affirmed by the Georgia Supreme Court on April 17, 1975, in *White v. Georgia Farm Bureau Mutual Insurance Co.*, 234 Ga. 186, 215 S.E.2d 240 (1975). Plaintiff caused State Farm to be served on September 8, 1975, nearly two and one-half years after the automobile collision.

The crucial issue is whether the Georgia two-year limitations period bars any claim against State Farm due to the failure of plaintiff to serve or to attempt to serve the complaint on State Farm before expiration of that two-year period. The Georgia Uninsured Motorist statute provides in relevant part:

"(d) in any action for such injury or damages, a copy of such action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant."

Ga.Code Ann. § 56–407.1. This provision was recently interpreted by both the Georgia Court of Appeals and Georgia Supreme Court in *Vaughn v. Collum*, 136 Ga.App. 677, 222 S.E.2d 37 (Ct.App., 1975) aff'd 236 Ga. 582, 224 S.E.2d 416 (1976). *Vaughn* involved an automobile accident, a timely suit against the individual defendant, and then service of the complaint on the uninsured motorist carrier over two and one-half years after the suit against the individual defendant, a total of almost four years since the accident. The Georgia Court of Appeals held that the insurer could successfully assert the statute of limitations as a bar to the plaintiff's recovery under the uninsured motorist policy:

"The uninsured motorist carrier is not a defendant as such in this litigation. Under the statute, it is entitled to notice of the pendency of the action 'as though . . . named as a party defendant' (Code Ann. § 56–407.1(d)) because of its potential liability under its insurance policy. Thus, while not actually a defendant, though it could defend the case in its own name, the uninsured motorist carrier has a strong financial interest in the litigation. As such, it is entitled to notice of the pendency of the action on the same basis as though a defendant . . . [failure of timely notice] affords the uninsured motorist carrier the benefit of the bar of the statute of limitation."

136 Ga.App. 677, 679, 222 S.E.2d 37, 39.

Several judges of the Court of Appeals dissented. The Georgia Supreme Court affirmed the decision, rejecting the dissenters' argument that the claim against the insurance company was based on contract rather than tort, and that therefore the contract limitations period of six years should apply.

Defendant seeks to distinguish *Vaughn* on the basis of the length of delay in serving notice on the insurance carrier in that case. The Court of Appeals decision in *Vaughn* did lay some emphasis on the fact that four years had passed since the date of the collision. However, in clear language the court declared that the insurance carrier is entitled to notice of the pendency of the action just as if it were a defendant. The limitations period should be as strictly enforced in favor of the uninsured motorist carrier as it would in favor of any defendant.

The district court relied on *Parker v. Kilgo*, 109 Ga.App. 698, 137 S.E.2d 333 (Ga. App., 1964) in holding that service upon State Farm related back to the filing of suit and service on defendant Wright over nine months earlier. In *Parker v. Kilgo* plaintiffs had filed suit within the applicable limitations period, and diligently sought to obtain service, but incorrectly described the defendant as a corporation. Plaintiffs promptly cured this inaccuracy. The court held that "if the filing of the petition is followed by timely service perfected as required by law, although the statute of limitations runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." 109 Ga.App. 698, 700, 137 S.E.2d 333, 335. *Parker v. Kilgo* was followed in *Rich's, Inc. v. Snyder*, 134 Ga.App. 889, 892, 216 S.E.2d 648, 650 (Ct.App., 1975), where service was obtained

one day after expiration of the statute and two days after filing the complaint.

*Parker v. Kilgo* is distinguishable from the present case, as State Farm was not named as a party in the original suit and received no notice from the plaintiff of its potential liability until nearly five months after the limitations period had expired. At the time the statute of limitations had run plaintiff had not even sought to serve State Farm and did not do so for almost five months. Without holding that the relation-back doctrine of *Parker v. Kilgo* cannot apply to service of complaints on carriers under Georgia's Uninsured Motorist Act, we find that in a case such as this where no effort was made to serve the carrier "within the time allowed by law for valid service upon the defendant in the case," *Vaughn v. Collum*, 236 Ga. 582–83, 224 S.E.2d 416 (1976), that subsequent service on the carrier will not relate back to the date of filing the complaint against the individual defendant.

REVERSED.