## 66464. CROY v. THE STATE.

Sognier, Judge.

Appellant was convicted of burglary and appeals (1) on the general grounds. He also contends the trial court erred (2) by giving a charge that shifted the burden of proof to appellant; (3) by allowing the state to violate the rule of sequestration of witnesses; and (4) by allowing the state to impeach its own witness to refresh the witness' memory.

The evidence disclosed that on the afternoon of May 15, 1982, appellant Richard Croy and John Kirby went to Albert Croy's home seeking work. Albert, appellant's half-brother, offered Kirby and

appellant a job helping Albert build a utility shed. The following afternoon (a Sunday) Albert awakened from a nap and found appellant and Kirby in his bedroom. They admonished Albert about sleeping with his door open and leaving his pants, containing money, lying on the floor. After watching television and drinking beer with Albert for quite a while, appellant and Kirby departed. Albert went to bed about 8:45 p.m. and when he awoke the following morning his pants, containing approximately $900, were missing. The cash included eight $100 bills which Albert had obtained from the bank to pay for materials and labor on the utility shed he planned to build. Albert's bathroom window was unlocked and had been opened from the inside; the screen from the window had also been removed. Albert always kept the bathroom window locked, and testified that when Kirby used Albert's bathroom the preceding afternoon Kirby had been gone for a "pretty good while."

The same day that Albert discovered his pants and money missing appellant purchased some furniture for his wife's birthday; the $349 cash he paid for the furniture included two $100 bills. Appellant's car had been observed at Albert Croy's house the preceding night about 11:00 p.m. by two women who lived across the street. They also observed two men on or near the front porch and bathroom window of Croy's house, and although neither witness could identify the two men, one of the witnesses testified that one of the men had the same coloring and build as appellant.

Appellant denied committing the burglary and testified that even though he had been unemployed for several months, he had saved the money for the furniture from his unemployment checks of $115 per week. Appellant's wife testified to the same effect and also stated that appellant was at home when the two men were observed at Albert Croy's house the night of the burglary.

1. Although the evidence concerning appellant's participation in the burglary was circumstantial, we find it sufficient to support the verdict. Whether or not circumstances are sufficient to exclude every reasonable hypothesis save that of guilt of a defendant is primarily a question for the jury. *Jones v. State,* 165 Ga. App. 36, 38 (1) (299 SE2d 576) (1983); *Harris v. State,* 236 Ga. 242, 244 (1) (223 SE2d 643) (1976). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982).

2. Appellant contends a portion of the trial court's charge on identity wrongfully shifted the burden of proof to appellant. The charge complained of was as follows: "It is not necessary that the defendant proves (sic) that another person committed the offense. It

is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether this defendant is in fact the person who committed the crime."

We do not find the charge burden-shifting, and a charge in identical language has been approved by our Supreme Court. *Hightower v. State,* 225 Ga. 681, 682-683 (2) (171 SE2d 148) (1969); *Shepherd v. State,* 234 Ga. 75, 77 (2) (214 SE2d 535) (1975). Subsequent to Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39), our Supreme Court has held that a charge in language similar to that questioned here is not burden-shifting. *Pattillo v. State,* 250 Ga. 510, 513 (299 SE2d 710) (1983). Accordingly, this enumeration of error is without merit.

3. Lastly, appellant contends it was error to allow the state to impeach its own witness in order to refresh his memory, and to allow the witness to be present during the hearing on the state's request to impeach its witness after the rule of sequestration had been invoked. As to the latter issue, appellant made no objection to the witness' presence during the hearing, and it is well settled that this court will not consider questions raised for the first time on appeal. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979).

In regard to the state impeaching its own witness, John Totten testified for the state that he owned the furniture store where appellant bought furniture the day Albert Croy discovered his home had been burglarized. When Totten was asked the denomination of the bills used by appellant, Totten said he could not remember as the purchase was made several months prior to trial. The prosecuting attorney claimed surprise and at a hearing outside the presence of the jury the trial court allowed him to question Totten about an alleged prior inconsistent statement he made to a sheriff's investigator the day after the burglary which included the exact denomination of bills used by appellant. When questioned by the prosecuting attorney at the hearing, Totten remembered making the statement and remembered telling the investigator that appellant used two $100 bills, two $50 bills, two $20 bills and nine $1 bills to pay for the furniture. Totten was then allowed to present the same testimony before the jury.

While we find no evidence of a prior inconsistent statement, it is permissible to use any source to refresh a witness' memory, so long as he testified from his memory thus refreshed. Agnor's Ga. Evidence, § 4-10. In a case strikingly similar to the factual issue presented here, our Supreme Court found no error and held: "As long as the witness is willing to swear from his memory as refreshed, his memory may be refreshed by any kind of stimulus, 'a song, or a face, or a newspaper item.' [Cit.]" *Green v. State,* 242 Ga. 261, 265 (5) (249 SE2d 1) (1978).

In the instant case Totten swore from his memory refreshed to the denomination of the bills used by appellant, and we find no error.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 3, 1983 —
REHEARING DENIED OCTOBER 24, 1983 — ▇▇▇▇▇▇▇

*W. Jerry Westbrook,* for appellant.
*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., Assistant District Attorney,* for appellee.