179 Ga. App. 112 (1986)
345 S.E.2d 658
IN RE R. K. J.
72012.
Court of Appeals of Georgia.
Decided May 15, 1986.
T. Lee Bishop, Jr., Charles W. Hill, for appellant.
Randolph Phillips, for appellee.
McMURRAY, Presiding Judge.
Via petition, R. K. J., a 14-years-old child, was alleged to be a delinquent child. It was alleged that on July 13, 1985, R. K. J. took $215 from Mary Polite with the intention of depriving her of the money. Following a hearing, the juvenile court determined that R. K. J. was a delinquent child. He was placed on probation for one year, ordered to make restitution, work in the Saturday Work Program, and attend the Laws of Living course. His parents were ordered to pay $178 for Laws of Living services and he now appeals. Held:
1. R. K. J. contends the evidence was not sufficient to support the court's finding that he was a delinquent child. The evidence demonstrated that on the day in question, R. K. J. and two other children (R. L. and S. W.) were at the home of S. W., one of the two other children; that the children left S. W.'s house and walked to a service station which they frequented; that on the way to the service station, S. W. was "nicking" R. K. J. (who had approximately two dollars) for some money; that R. L. brought up the idea of taking money from the service station; that both R. K. J. and S. W. responded to the idea (S. W. answering "yeah, yeah man"); that once inside the service station it became necessary to get a potential witness to leave; that R. L. took one dollar from R. K. J. and gave it to the potential witness so she would leave; that when a limousine pulled up to the service station the attendants went outside leaving R. K. J., S. W. and R. L. alone; that R. L. took more money than was alleged in the petition (since the balance was recovered) from the cash register while R. K. J. and S. W. "just looked out"; that R. L. hid the money under a dumpster; that later in the day R. L., S. W. and S. W.'s brother retrieved the money and brought it to R. K. J.'s house; that the money was divided in R. K. J.'s room and he received $25; and that, thereafter, R. K. J., S. W. and R. L. used some of the money to buy hats and a pizza. The evidence also demonstrated that toward the evening hours R. K. J. went back to the service station in the company of his mother and his aunt; that he returned a portion of the money to the manager of the station; that he told the manager that "they had planned this here by giving [the potential witness] . . . a dollar or two for her to leave the station in order for them to catch [the manager] with [his] back turned going outside."
OCGA § 16-2-20 (a) provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." A person is "concerned in the commission of a crime only if he. . . [i]ntentionally aids or abets in the commission of the crime. .." OCGA § 16-2-20 (b) (3). Of course, mere presence at the scene of a crime does not constitute sufficient *113 evidence of guilt. Parham v. State, 166 Ga. App. 855, 856 (305 SE2d 599). However, "`presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.'" Jones v. State, 242 Ga. 893 (252 SE2d 394) (quoting Thornton v. State, 119 Ga. 437 (46 SE 640)). See Parham v. State, 166 Ga. App. 855, 856, supra. Moreover, "the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6.
We think the conduct and companionship of R. K. J. Before and after the delinquent act adequately demonstrated his participation in the act. The evidence was sufficient for a rational trier of fact to find he committed the delinquent act (theft by taking were he an adult) beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).
2. Following the adjudication, R. K. J., alleging he was an indigent, sought a free copy of the transcript. Upon considering the income and expenditures of R. K. J.'s family, the court determined that R. K. J. did not meet the standards of indigency and the court refused to provide him with a free transcript. R. K. J. contends the court erred by taking the income of his parents into consideration; he also contends the court erred by determining his family's income did not meet the criteria of indigency. These contentions are without merit. Since R. K. J. is a juvenile, it was proper for the court to consider his parents' income when the court made the decision concerning his financial status. See OCGA § 15-11-56; J. B. v. State, 171 Ga. App. 373, 375 (3) (319 SE2d 465). Furthermore, the court's determination concerning the ability of R. K. J. to pay for the transcript was final and not subject to review. J. B. v. State, 171 Ga. App. 373, 375, supra.
3. R. K. J. contends the court erred by ordering his parents to pay $178 for the services provided by the Laws of Living program. In this regard, he complains that his parents were not afforded a hearing concerning their financial ability to pay these costs. See OCGA § 15-11-56 (b). Assuming, arguendo, R. K. J. has standing to raise this issue, we find it to be without merit. First, we note that a hearing was held concerning the financial status of his parents when he sought a free transcript and the court determined that they were financially able to pay their son's costs. We fail to see how R. K. J. and his parents were harmed by the fact that no similar hearing was held concerning the Laws of Living expenses. Second, no objection along these lines was made in the juvenile court when the court announced that the parents would be required to pay the $178 costs. It is axiomatic that we cannot consider arguments raised for the first time on appeal.
*114 Croy v. State, 168 Ga. App. 562, 564 (3) (309 SE2d 841).
Judgment affirmed. Carley and Pope, JJ., concur.