73336. LARSON et al. v. C. W. MATTHEWS CONTRACTING COMPANY, INC.
(356 SE2d 35)

BENHAM, Judge.

Appellants filed suit on April 26, 1984, against the Commissioners of Cobb County and John Doe, described as an unknown contractor who had done road work at the site of the automobile accident in which appellants were injured on June 24, 1982. On February 20, 1985, appellants amended their complaint to identify John Doe as C. W. Matthews Contracting Company, and appellee was served on February 26, 1985. Appellee sought and was granted summary judgment on the ground that the statute of limitation had expired and appellants' failure to comply with OCGA § 9-11-15 (c) deprived them of the statute's relation back feature.

1. Appellee, citing *Clover Realty Co. v. Todd*, 237 Ga. 821 (229 SE2d 649) (1976), maintains that appellants' failure to obtain leave of

court before filing their amendment adding appellee as a defendant violated OCGA § 9-11-21 and justified the trial court's grant of summary judgment. OCGA § 9-11-21 requires an order of the court to *drop* or *add* parties; OCGA § 9-11-15 (a) and (c) permit an amendment *changing* the party against whom a claim is asserted without leave of court at any time before the entry of a pretrial order. "Where a complaint has been filed against one designated by a fictitious name . . . but no service on that defendant has been made prior to the running of the statute of limitation, and after the running of the statute it is desired to substitute the name of and serve the actual defendant, said substitution and service constitute 'changing the party against whom a claim is asserted' within the meaning of [OCGA § 9-11-15 (c)] . . ." *Moulden Supply Co. v. Rojas*, 135 Ga. App. 229, 231-32 (217 SE2d 468) (1975). The substitution or change of a party differs from the addition or deletion of a party. See *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975), and *Coley Elec. Supply v. Colonial Eggs*, 165 Ga. App. 108 (1) (299 SE2d 165) (1983). Inasmuch as the substitution of appellee for John Doe was not the addition of a party to the action, compliance with OCGA § 9-11-21 was not necessary. Compare *Clover Realty*, supra, where the plaintiff sought to *add* a party as a defendant.

2. The requirements of OCGA § 9-11-15 (c) must be met before appellants' amendment substituting appellee for the party designated by a fictitious name in their complaint will relate back to the date of the complaint. See *Moulden Supply Co. v. Rojas*, supra. OCGA § 9-11-15 (c) provides that "[a]n amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if [the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading], and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." OCGA § 9-11-15 (c). It is undisputed that the claim asserted in the amended pleading arises out of the occurrence set forth in the original complaint. It is also undisputed that appellee did not become aware of the institution of the action by appellants until it received a letter from appellants' attorney on October 4, 1984, four months after the expiration of the two-year statute of limitation for the commencement of a personal injury action. See OCGA § 9-3-33. Therefore, appellants' substitution of appellee for John Doe did not relate back to the date of the filing of the original complaint, and the personal injury action filed by appellants against appellee was properly disposed

of in favor of appellee. See *Moulden Supply Co. v. Rojas*, supra; *Brer Rabbit Mobile Home Sales v. Perry*, 132 Ga. App. 128 (207 SE2d 578) (1974); *Sims v. American Cas. Co.*, 131 Ga. App. 461 (6) (206 SE2d 121) (1974).

3. Appellants argue that the four-year statute of limitation for injury to personalty (OCGA § 9-3-31) is applicable to their lawsuit. If it is, the prerequisites to effect the relation back portion of 9-11-15 (c) have been met since appellee received notice of the action prior to the expiration of the four-year period of limitation. Appellants alleged in their complaint that they were injured in an automobile accident and had suffered "severe injuries." Construing, as we must, appellants' pleading to serve their best interests (see *Allrid v. Emory Univ.*, 166 Ga. App. 130, 132 (2) (303 SE2d 486) (1983)), and insofar as their allegations may be read as seeking damages from appellee for an injury to personalty (as distinguished from seeking damages for personal injury), appellants' substitution of appellee for John Doe was timely under OCGA § 9-11-15 (c), and summary judgment was erroneously granted appellee on appellants' allegation of injury to personalty.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Beasley, J., concur specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 2 and 3 but cannot concur in Division 1. The issue there decided was not raised or ruled on in the trial court but appears only in appellee's brief, as an additional ground in support of summary judgment. Thus it does not present an issue for review and determination by this Court. *Morris v. State*, 179 Ga. App. 228, 229 (3) (345 SE2d 686) (1986); *In re R. K. J.*, 179 Ga. App. 112, 113 (3) (345 SE2d 658) (1986).

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED MARCH 6, 1987 —
REHEARINGS DENIED MARCH 30, 1987 — 

*Morgan M. Robertson*, for appellants.
*D. A. Mangerie, Toby B. Prodgers*, for appellee.