A91A0108. ALLSTATE INSURANCE COMPANY v. EVANS et al.
(409 SE2d 273)

BANKE, Presiding Judge.

This litigation arises from a multi-vehicle collision allegedly caused by the negligence of a driver who was insured under a policy of motor vehicle liability insurance issued by the appellant. The appellees herein, Steve Evans and Brian Branch, filed personal injury actions against the insured within 12 months after the accident; and while those actions were pending, the appellant insurer settled certain suits which had been filed against the insured by other claimants more than 12 months after the accident. In doing so, the appellant paid out $250,000 of the $300,000 in liability coverage which the policy provided per accident. The appellant had previously rejected a joint offer by all of the claimants to settle for a total amount which was within the policy limits; however, the record does not reveal how much the appellees herein had offered to accept in connection with that offer.

Subsequent to the settlement of the other claims arising from the

accident, the appellees obtained separate jury verdicts against the insured in the amount of $35,000 each. Judgment was thereafter entered against the insured in favor of Evans for $36,755 (reflecting the inclusion of pre-judgment interest), plus costs, and in favor of Branch for $35,000, plus costs. The appellant tendered the remaining $50,000 of liability coverage to the appellees in equal payments of $25,000, whereupon they brought the present action seeking to hold the appellant liable to them for the full amount of their judgments. In addition, Evans sought a declaration as to the liability of his own motor vehicle insurance carrier, Georgia Farm Bureau Mutual Insurance Company, for uninsured/underinsured motorist benefits in the event the appellant was determined not to be liable to him for the full amount of his judgment. The case was submitted to the trial court for a ruling based on stipulated facts; and the court ruled that, based on OCGA § 9-12-90, the appellant was liable for the full amount of the appellees' judgments against the insured, plus costs, and interest. This appeal followed. *Held*:

OCGA § 9-12-90 provides as follows: "(a) Liens of all judgments obtained in actions for damages growing out of a common disaster or occurrence shall be equal in rank or priority regardless of the date of the rendition of the verdict or the entering of the judgment. However, this Code section shall apply only to judgments obtained in actions which are filed within 12 months from the date of the happening of the disaster or occurrence giving rise to the cause of action. (b) This Code section applies to all actions filed in the courts of this state in which damages are sought to be recovered on account of injuries sustained in or death resulting from a common disaster or occurrence."

This statute clearly has no application to the present case, inasmuch as no issue involving the priority of judgment liens is involved here. Compare *White v. Ga. Farm &c. Ins. Co.*, 234 Ga. 186 (215 SE2d 240) (1975). Cf. *Cannon v. Tant*, 229 Ga. 771 (195 SE2d 15) (1972). Rather, this case concerns the right of a casualty insurer to exhaust the policy coverage applicable to a common disaster or occurrence by selectively settling a portion of the claims against its insured arising from the accident, to the detriment of other claimants who are thereby denied the means to satisfy their claims against the insured. There are no Georgia cases dealing with this particular issue. However, the courts of other jurisdictions which have confronted the issue appear to have held uniformly that "[a] liability insurer may, in good faith and without notification to others, settle part of multiple claims against its insured even though such settlements deplete or exhaust the policy limits so that remaining claimants have no recourse against [the] insurer." 7C Appleman, Ins. Law & Practice, § 4711, p. 409 (Rev. ed.). See also 15A Couch On Ins. 2d., § 56.35, pp. 48-49; Anno: Basis and manner of distribution among multiple claimants of pro-

ceeds of liability insurance policy inadequate to pay all claims in full, 70 ALR2d 416, pp. 423-425, § 5. Were the rule otherwise, an insurer would be precluded from settling any claims against its insured in such a situation and would instead be required to await the reduction of all claims to judgment before paying any of them, no matter how favorable to its insured the terms of a proposed settlement might be. Such a policy would obviously promote litigation and would also increase the likelihood, in many cases, that the insured would be left with a total adjudicated liability in excess of his policy limits.

There is neither any evidence nor any allegation that the appellant in this case acted in bad faith in settling with the other claimants. Applying the foregoing rule adopted by other jurisdictions which have considered the issue, we consequently hold that the trial court erred in ruling that the appellant was liable to the appellees for the full amount of the judgments which they had obtained against its insured.

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED JULY 15, 1991 —
RECONSIDERATION DENIED JULY 30, 1991 — 

*Robert S. Slocumb, Bonnie K. Cole,* for appellant.
*Callaway, Neville & Brinson, William E. Callaway, Jr., William J. Neville, Jr., Andrew, Threlkeld & Ellington, John J. Ellington, Richard D. Phillips,* for appellees.