A91A2246. WALSTON et al. v. HOLLOWAY.
(416 SE2d 109)

SOGNIER, Chief Judge.

Gladys Walston and her husband brought suit against Reginald Holloway seeking to recover damages arising out of an automobile accident caused when Holloway's car struck the car driven by Walston's daughter, Jennifer Owen, in which Walston and Owen's son were passengers. Owen's uninsured motorist carrier, American National Property & Casualty Company (ANPAC), was also served in the suit, answered in its own name, and filed a motion for summary judgment on several grounds, including the ground that it had tendered all the in-

surance benefits available under the policy to Owen and her son. The trial court granted ANPAC's motion, and the Walstons appeal.

We affirm. Although we have not addressed in the context of uninsured motorist coverage the issue of the right of the insurer to exhaust policy coverage applicable to a common occurrence by selectively settling a portion of the claims in favor of some claimants to the detriment of other claimants, we have addressed this issue with respect to liability insurance. In *Allstate Ins. Co. v. Evans*, 200 Ga. App. 713, 714-715 (409 SE2d 273) (1991), we held that " '(a) liability insurer may, in good faith and without notification to others, settle part of multiple claims against its insured even though such settlements deplete or exhaust the policy limits so that remaining claimants have no recourse against (the) insurer.' [Cits.] Were the rule otherwise, an insurer would be precluded from settling any claims against its insured in such a situation and would instead be required to await the reduction of all claims to judgment before paying any of them, no matter how favorable to its insured the terms of a proposed settlement might be. Such a policy would obviously promote litigation and would also increase the likelihood, in many cases, that the insured would be left with a total adjudicated liability in excess of his policy limits."

Although we acknowledge the differences between liability coverage and uninsured motorist coverage, e.g., the absence of liability of the uninsured motorist carrier's named insured for sums in excess of the policy limits, we find the public policy considerations behind the holding in *Allstate Ins. Co.*, supra, equally applicable to uninsured motorist carriers and consider that case controlling on the issue raised in this appeal. Other jurisdictions have reached the same conclusion. E.g., *Gathings v. West American Ins. Co.*, 561 S2d 450 (Fla. App. 1990); *Palombo v. Broussard*, 370 S2d 216, 219-220 (La. App. 1979) (but finding that uninsured motorist carrier engaged in bad faith); *Hale v. State Farm Mut. Ins. Co.*, 474 SW2d 905, 911 (Tenn. 1971). See Appleman, 8C Insurance Law & Practice, § 5108. Accordingly, because there is no evidence or allegation to suggest that appellee acted in bad faith in settling with appellant's daughter and grandson, *Allstate Ins. Co.*, supra at 715, we find no error in the trial court's grant of appellee's motion.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 11, 1992 —
RECONSIDERATION DENIED FEBRUARY 25, 1992 —

*William W. Keith III*, for appellants.
*Luther, Anderson, Cleary & Ruth, Steven A. Kreitzer, Clifton*

*M. Patty, Jr., Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellee.