Lorinda KATS, Individually and as Administrator of the Estate of Keith Mulder, Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellee.

No. 91–1301.

Supreme Court of Iowa.

Sept. 23, 1992.

Randall A. Roos, Sioux Center, for appellant.

Jeffrey A. Sar of Baron, Sar, Goodwin, Gill & Lohr, Sioux City, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

This case involves a claim under an underinsured motorist provision in an automobile policy provided by American Family Mutual Insurance Company. The district court denied underinsured coverage for the accidental death of the stepson of the named insured, and the stepson's administrator appealed. We affirm.

Keith Mulder died in a one-car accident as a passenger in a car owned and operated by Michael Vander Woude. Mulder was a resident in the home of his mother, Lorinda Kats, and his stepfather, Michael E. Kats. The driver of the car, Vander Woude, was an underinsured motorist. The estate settled with Vander Woude and then filed its claim against Michael Kats' insurance company on its underinsured motorist provision.

American Family Mutual had issued separate policies to Kats covering each of his three vehicles. Each policy contained this provision with respect to underinsured motorists:

> We will pay damages for bodily injury which an *insured person* is legally entitled to recover from the owner or operator of an underinsured motor vehicle. The bodily injury must be caused by accident and arise out of use of the underinsured motor vehicle.

(Emphasis added.)

The policies defined "insured person" to include the named insured, Michael Kats, his spouse, and all resident *relatives* in the home. "Relative" in turn was defined as

> [a] person living in your household, related to you by blood, marriage or adoption. This includes a ward or foster child. *It*
> *excludes any person who, or whose*
> *spouse, owns a car.*

(Emphasis added.)

American Family denied underinsured coverage because Keith owned a car at the time of his death and was therefore not a "relative" under the language quoted above. The administrator does not claim otherwise; it is undisputed that the decedent, as the owner of a car, was not a covered "relative" under the policy. The administrator claims, however, that this exclusion violates Iowa Code section 516A.2 (1989) and is therefore void.

Iowa Code section 516A.1 provides:

> No automobile liability or motor vehicle liability insurance policy insuring against liability for bodily injury or death arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided in such policy or supplemental thereto for the protection of *persons insured under such policy* who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or a hit-and-run motor vehicle or an underinsured motor vehicle because of bodily injury, sickness, or disease, including death resulting therefrom, caused by accident and arising out of the ownership, maintenance, or use of such uninsured or underinsured motor vehicle, or arising out of physical contact of such hit-and-run motor vehicle with the person insured or with a motor vehicle which the person insured is occupying at the time of the accident.

(Emphasis added.)

The administrator contends that, under section 516A.2, exclusions from uninsured coverage are only permitted if they "are designed to avoid duplication of insurance or other benefits ['stacking']." In this case, the exclusion in question is not aimed at "stacking" of coverage and is therefore not permitted by section 516A.2, according to the argument.

We agree with American Family that the application of section 516A.1 turns on whether Keith Mulder was a "person insured under such policy." If he was, then the company could exclude coverage only to avoid "stacking." If he was not an insured person, underinsured motorist coverage is not required by section 516A.1 to be afforded on his behalf. This is consistent with the prevailing view. As one court has noted,

> in order for one to be insured under the "uninsured" and "underinsured" provisions he must first be insured under the liability provisions. This seems to be so well established that we do not feel it requires further comment.

*Robertson v. Cumis Ins. Co.*, 355 So.2d 1371, 1373 (La.App.1978).

Here, Kats' policies provided by specific amendments that Keith was excluded from its coverage. Each of the policies provided:

> To issue or continue this policy, I agree that the following exclusion is added:
>
> This policy does not apply under any of the coverages to any vehicle in the care, custody, or control of, or while operated by Mulder, Keith A. or any other person with his or her permission or at his or her direction.
>
> . . . .
>
> /s/ Mike Kats

The insurance company argues that, because Keith Mulder was not a "person named under such policy," section 516A.1 does not require that the policy provide uninsured motorist coverage for him, and it is not necessary to decide whether such exclusion violates section 516A.2.

In *Famuliner v. Farmers Insurance Co.*, 619 S.W.2d 894 (Mo.App.1981), the court addressed a similar issue. The policy in that case defined a "relative" as "a relative of the named insured who is a resident of the same household, provided neither such relative nor his spouse owns an automobile." The court said:

> The limitation which Famuliner contends is an assault upon required uninsured motorist coverage is no more repugnant to public policy than any other insurance contract provision required for identifica-

tion of those who are insured and entitled to benefits. . . . There is no violation of the statute unless a policy condition limits uninsured motorist protection as to persons who otherwise qualify as insured for liability purposes.

*Id.* at 897.

In *Farmers Insurance Co. v. Miller*, 87 Wash.2d 70, 549 P.2d 9 (1976), the court said:

> No exclusionary clause . . . is relied upon by the insurers in this appeal. Rather the question revolves around the initial extension of coverage to defendants. The definition of who is and who is not an "insured" under the policy is consistently applied throughout the insurance contract. . . . Contrary to defendants' contentions, restriction of this extended coverage to relatives of the named insured who are residents of the same household and who do not own an automobile is neither unreasonable as devoid of purpose nor inconsistent with the objective of extending coverage to the residents of the named insured's household.

*Id.* 549 P.2d at 12.

And, in *Valiant Insurance Co. v. Webster*, 567 So.2d 408 (Fla.1990), the court noted that,

> if the liability portions of an insurance policy would be applicable to a particular accident, the uninsured motorist provisions would likewise be applicable; whereas, if the liability provisions did not apply to a given accident, the uninsured motorist provisions of that policy would also not apply (except with respect to occupants of the insured automobile).

*Id.* at 410.

We agree with the analysis of these cases and hold that section 516A.1 requires underinsured coverage only for persons who are otherwise insured under the policy. Because of the specific exclusion for the decedent in this case, he did not fit within the definition of persons covered by the underinsured provisions.

A second issue, whether the underinsured motorist provision covers the mother's claim for loss of consortium, was not

raised in the district court, and we do not consider it here.

AFFIRMED.