Katherine WETHERBEE, Appellant,

v.

ECONOMY FIRE & CASUALTY COMPANY, Appellee.

No. 92–1944.

Supreme Court of Iowa.

Nov. 24, 1993.

R.L. Van Veldhuizen, Oelwein, for appellant.

Michael A. McEnroe, Dutton, Braun, Staack, Hellman & Iversen, Waterloo, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

This appeal primarily involves the question of whether an insured is entitled to recover underinsured motorist benefits from her insurance company when the insured has no right to bring an action in her own name against the underinsured motorist. The district court granted defendant insurance company's motion for summary judgment. We reverse in part and affirm in part.

In 1982 plaintiff Katherine Wetherbee was insured under an automobile insurance policy issued by Iowa Kemper Insurance Company. (Iowa Kemper merged with and became Economy Fire and Casualty Company, defendant, in 1986.) While the policy was in effect, James Wetherbee, plaintiff's husband, was killed instantly in a two-vehicle collision in which the driver of the other car lost control and crossed the center line of the road. Katherine and her children obtained the full limits of the tortfeasor's liability coverage. No estate was opened for James. By the time this action was filed the period during which an estate may be opened had expired. *See* Iowa Code § 633.331 (1991).

In 1991 Katherine discovered the existence of the insurance policy she had purchased from Iowa Kemper. She then made a claim to Economy Fire under the underinsured motorist coverage of the policy for her loss of consortium damages. Economy Fire refused to make payment on the claim. Katherine filed suit seeking to recover underinsured motorist benefits and extra contractual damages, alleging that Economy Fire's refusal to pay her claim constituted bad faith.

Economy Fire filed a motion for summary judgment on both of Katherine's claims. It contended that Katherine had no claim for underinsured motorist benefits because she was not "legally entitled to recover damages" as required by Iowa's underinsured motorist statute, Iowa Code section 516A.1 (1991). Economy Fire argued that only the administrator of James' estate could bring an action for post-death loss of consortium. *See Audu-*

bon–Exira Ready Mix, Inc. v. Illinois Central Gulf R.R., 335 N.W.2d 148 (Iowa 1983) (Iowa's wrongful death statute requires that claims for post-death loss of spousal consortium be brought by the administrator of the decedent's estate for the benefit of the surviving spouse). Therefore, Economy Fire concluded Katherine had no right to recover damages from the tortfeasor.

Economy Fire also claimed that Katherine had sustained no "bodily injury" and consequently could not recover under the policy for this additional reason. Finally, Economy Fire asserted in its motion that Katherine's claim was fairly debatable; therefore, its refusal to pay her claim was not in bad faith.

The district court granted Economy Fire's summary judgment motion holding:

> Katherine Wetherbee had a claim for post-death loss of consortium which could have been brought by an administrator of the estate of James Wetherbee. She could not bring such claim on her own behalf.
>
> The time for administering the estate of James Wetherbee has passed. Therefore, there is no method by which the Plaintiff can assert her consortium claim against the tortfeasor; and any subrogation rights of the Defendant against the tortfeasor are also barred.
>
> The Plaintiff having no enforceable right to recover against the tortfeasor cannot recover on her claim for underinsured motorist benefits.

Katherine contends that the district court erred in granting Economy Fire's motion. She emphasizes that her action is based on contract. Katherine argues that if she can establish that she sustained damages and the underinsured motorist was at fault, her insurer must make payment on her claim.

■ Our review of an order granting summary judgment is for corrections of errors of law. Iowa R.App.P. 4. To sustain a motion for summary judgment, the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, must show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Keller v. State, 475 N.W.2d 174, 179 (Iowa 1991).

## I. Legally Entitled to Recover Damages.

■ Initially we note that Katherine is correct in her assertion that this action is based on the insurance policy. Lemrick v. Grinnell Mut. Reins. Co., 263 N.W.2d 714, 716 (Iowa 1978). In Lemrick, we were asked to decide whether the two-year statute of limitations applicable to tort actions or the ten-year statute of limitations applicable to contract actions governed a claim for uninsured motorist benefits.

We recognized that the uninsured motorist coverage placed the insured in the position he would have occupied had the uninsured motorist possessed insurance and was sued by the insured. Lemrick, 263 N.W.2d at 716–17. However, we noted that when seeking uninsured motorist benefits the insured is not in fact suing the uninsured motorist but rather is seeking contract benefits under the insurance policy. Id. at 717. We concluded that a claim for uninsured motorist benefits is a contract claim and therefore the ten-year contract statute of limitations governs. Id.

Likewise, in the present case, Katherine is not suing the underinsured motorist for damages. Rather, her claim is against her insurance company for policy benefits. Therefore, we look to the policy to determine her entitlement to those benefits.

This case is complicated by the fact that the insurance policy is not part of the record. However, any underinsured motorist coverage offered by Iowa Kemper was required to comply with Iowa's underinsured motorist statute, section 516A.1. Hinners v. Pekin Ins. Co., 431 N.W.2d 345, 346 (Iowa 1988); American States Ins. Co. v. Estate of Tollari, 362 N.W.2d 519, 521 (Iowa 1985). "If a policy's provisions are contrary to the statute, the policy provisions are rendered ineffective, and the statute controls." Hinners, 431 N.W.2d at 346. Therefore, an insurer cannot offer underinsured motorist coverage more restrictive than that required by the statute. Id.

It follows then that if Katherine is "legally entitled to recover damages" as that phrase is used in section 516A.1, she would qualify for coverage under Iowa Kemper's policy, assuming the other terms and conditions of the policy are satisfied.[1] Accordingly, we now examine the meaning of the phrase "legally entitled to recover damages" as used in section 516A.1.

In determining the meaning of this phrase, we first look for guidance to the legislature's intent in including this element in Iowa's underinsured motorist statute. *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 461 N.W.2d 291, 293 (Iowa 1990). "In ascertaining legislative intent, we consider the language used in the statute, the object sought to be accomplished, and the wrong to be remedied." *Id.*

■ Section 516A.1 provides in pertinent part:

No automobile liability or motor vehicle liability insurance policy . . . shall be delivered or issued for delivery in this state . . . unless coverage is provided in such policy or supplemental thereto, *for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an . . . underinsured motor vehicle* because of bodily injury, sickness, or disease, including death resulting therefrom, caused by accident and arising out of the ownership, maintenance, or use of such . . . underinsured motor vehicle. . . .

Iowa Code § 516A.1 (1991) (emphasis added). The purpose of this statute is to provide compensation to an insured who is the victim of an underinsured motorist's negligence to the same extent as if the underinsured motorist were adequately insured. *American States Ins. Co.*, 362 N.W.2d at 522.

As a prerequisite to coverage, the statute requires the claimant to prove that the "insured" is "legally entitled to recover damages" from the underinsured motorist. *Cf. Hinners*, 431 N.W.2d at 346 ("To recover for damage caused by an uninsured motorist, therefore, it must be shown that . . . (2) the claimant is legally entitled to damages from the uninsured owner or operator. . . ."). Thus the statutory requirement that the insured be legally entitled to recover damages from the underinsured motorist is an *element* of the insured's claim. It does not purport to define the proper party who may bring an action on the policy against the insurance company. This distinction is important in considering the argument espoused by Economy Fire.

Under Economy Fire's interpretation of section 516A.1, only the person or entity with the capacity to sue the tortfeasor would be "legally entitled to recover damages" even though that person would not be the one ultimately entitled to receive those damages.[2] The problem with this proposition is that the person with capacity to sue will not necessarily be an "insured" under the policy. Only the insured is entitled to underinsured motorist benefits. Iowa Code § 516A.1 (1991) (requires "coverage . . . for the protection of persons insured under such policy"); *Kats v. American Family Mut. Ins. Co.*, 490 N.W.2d 60, 62 (Iowa 1992) (section 516A.1 requires underinsured motorist coverage only for persons insured under the policy). *Cf. Hinners*, 431 N.W.2d at 346 (to recover uninsured motorist benefits, one must prove that "the claimant is a 'person[ ] insured' "). In situations involving post-death loss of consortium damages, insureds would not be able to recover under their own underinsured motorist coverage unless the administrator of the decedent's estate also qualifies as an insured.

1. Because the insurance policy is not before us, our opinion is limited to a determination of the meaning of "legally entitled to recover damages" and "damages . . . because of bodily injury" as used in § 516A.1 and incorporated in the policy. We do not decide whether plaintiff has complied with any other terms and conditions of the policy.

2. We accept for purposes of our analysis Economy Fire's assertion that under no circumstances

would Katherine have the capacity to sue the tortfeasor for her post-death loss of consortium damages. *But see Nelson v. Ludovissy*, 368 N.W.2d 141, 146 (Iowa 1985) (although § 613.15 designates an injured parent as the proper party to prosecute a child's claim for loss of services and support, adult children may under certain circumstances pursue consortium claims under § 613.15 in their own names as a matter of right).

For example, in the *Hinners* case, the spouse suffering the loss of consortium was an insured under a policy which did not insure her husband. *Hinners*, 431 N.W.2d at 346. Consequently, had the husband in *Hinners* died, the surviving spouse would not have been able to recover her damages under a policy which purportedly insured her for such damages. Although she would have qualified as an insured under the policy, she would not have been "legally entitled to recover damages" since she would not have had the capacity to sue the tortfeasor. Although the administrator would have met the requirement of being "legally entitled to recover damages," the administrator also would not have been entitled to recover under the policy because the administrator would not have qualified as an "insured."

The consequence of Economy Fire's interpretation of the statute is that the ability of an insured claiming post-death loss of consortium damages to recover underinsured motorist benefits would depend upon the fortuity of whether the administrator of the deceased spouse's estate is also an insured under the surviving spouse's policy. We believe that such a result is inconsistent with the legislature's purpose in requiring underinsured motorist coverage and was not intended by the legislature when it used the phrase "legally entitled to recover damages." *See Leuchtenmacher*, 461 N.W.2d at 293–94 (legislature did not intend the phrase "legally entitled to recover" to mean that the insured was required to establish liability in a separate lawsuit against the underinsured motorist prior to seeking benefits under the policy). We conclude that the only reasonable interpretation of "legally entitled to recover damages" is that it means the insured must have suffered damages caused by the fault of the underinsured motorist and be entitled to receive those damages.

Our decision is consistent with decisions from other jurisdictions which have interpreted the term "legally entitled to recover" under varying circumstances. A majority of jurisdictions have defined "legally entitled to recover" to mean simply that the plaintiff must be able to establish fault on the part of the uninsured or underinsured motorist which gives rise to damages and to prove the extent of those damages. *E.g., Baker v. Continental Western Ins. Co.*, 748 F.Supp. 716, 722 (D.S.D.1990); *Transnational Ins. Co. v. Simmons*, 19 Ariz.App. 354, 356–57, 507 P.2d 693, 695–96 (1973); *Van Hoozer v. Farmers Ins. Exch.*, 219 Kan. 595, 549 P.2d 1354, 1366–67 (1976); *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 792 (Tex.1974).

We hold the trial court erred in granting Economy Fire's motion for summary judgment on the basis that Katherine did not have the capacity to sue the tortfeasor.

### II. *Bodily Injury.*

Economy Fire argues that Katherine is not able to establish bodily injury, another necessary element to recovery under the underinsured motorist provision of the policy. *Cf. Hinners*, 431 N.W.2d at 346. It is true that Katherine's loss of consortium is not a bodily injury. *Dahlke v. State Farm Mut. Ins. Co.*, 451 N.W.2d 813, 815 (Iowa 1990). However, section 516A.1 does not require the insured to have sustained the bodily injury. *Hinners*, 431 N.W.2d at 347. The statute requires only that there be bodily injury to a person which results in damage to the insured. *Id.*

In the present case, there is no dispute that Katherine's damages arise out of the bodily injury to her husband. Therefore, we reject the insurer's argument that Katherine cannot prove bodily injury as required by the underinsured motorist coverage. We decline to affirm the summary judgment in favor of Economy Fire on this basis.

### III. *Bad Faith Claim.*

In her petition Katherine asserted that Economy Fire acted in bad faith in denying her claim. The district court did not expressly address this contention in its ruling on Economy Fire's summary judgment motion. However, the court apparently determined that Economy Fire was not in bad faith as a matter of law because the court dismissed Katherine's petition in its entirety.

To prove bad faith Katherine must show the absence of a reasonable basis for denying her claim under the policy. *Dolan v. Aid Ins. Co.*, 431 N.W.2d 790, 794 (Iowa

1988). In addition, she must show that Economy Fire denied her claim knowing or having reason to know that its denial was without reasonable basis. *Kiner v. Reliance Ins. Co.*, 463 N.W.2d 9, 13 (Iowa 1990).

■ A reasonable basis to deny a claim exists when the claim is fairly debatable. *Reuter v. State Farm Mut. Auto. Ins. Co.*, 469 N.W.2d 250, 253 (Iowa 1991). Whether a claim is fairly debatable in any given situation is appropriately decided by the court as a matter of law. We believe Katherine's claim for underinsured motorist benefits was fairly debatable. Therefore, the trial court correctly granted summary judgment to Economy Fire on Katherine's bad faith claim.

### IV. *Summary*.

We reverse the district court's ruling granting Economy Fire summary judgment on Katherine's contract claim, affirm the district court's dismissal of Katherine's bad faith claim and remand for further proceedings consistent with this opinion.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**

All Justices concur except McGIVERIN, C.J., and ANDREASEN, J., who concur specially.

McGIVERIN, Chief Justice (concurring specially).

I concur with the majority opinion in its decisions concerning the issues raised in this appeal under this record.

I write further, however, to express my views concerning the meaning of "legally entitled to recover damages from the owner or operator of an ... underinsured motor vehicle" in Iowa Code section 516A.1 (1991) in an action by an insured against an underinsured motorist (UIM) insurer.

A claim for UIM benefits, such as the claim asserted by the plaintiff here, is a melding of contract and tort principles. Although the basis of the suit itself against the UIM insurer may be contractual in nature, the insurer stands in the shoes of the alleged tortfeasor, and basically can defend the claim as the tortfeasor would.

The reason is that under section 516A.1 plaintiff can only recover from the UIM insurer damages that plaintiff would be "legally entitled to recover" from the underinsured tortfeasor. Accordingly, the UIM carrier should be able to assert the same defenses the tortfeasor could assert in defense of a direct suit by plaintiff against the tortfeasor. These defenses could include lack of fault, comparative fault, and applicable tort statutes of limitations.

I would allow UIM insurers to assert the two-year tort statute of limitations that would be available to alleged tortfeasors. The purpose of our statutes of limitations is to spare courts the burden of adjudicating stale claims after memories have faded, witnesses have died, and evidence has been lost. *Schulte v. Wageman*, 465 N.W.2d 285, 286 (Iowa 1991). This purpose explains why the limitation on an action on a written contract is longer than the limitation on an action in tort; generally, the evidence surrounding a tort claim is more likely to disappear or become less reliable over time than the evidence surrounding a written contract. *Cf. Matherly v. Hanson*, 359 N.W.2d 450, 457 (Iowa 1984) (observing the policy reasons for a shorter limitations period on unwritten contracts than on written contracts).

Here, for instance, the plaintiff has made a claim for loss of consortium nine and a half years after the alleged loss occurred. Although the proximate basis of her claim is her insurance policy, the policy itself presumably required proof of the occurrence of the loss. Unfortunately, we never had the opportunity to examine the contract because it was lost in the intervening decade.

The majority apparently concedes that the insurer may assert other defenses available to the tortfeasor, such as comparative fault or lack of damages. Section 516A.1's use of the term "legally entitled to recover damages" seems to allow the UIM insurer in lieu of the tortfeasor to assert a tort limitations defense in addition to the other defenses the majority allows. *See also Bocek v. Inter–Ins. Exch.*, 175 Ind.App. 69, 369 N.E.2d 1093, 1097–98 (1977); *Vaughn v. Collum*, 136 Ga.

App. 677, 222 S.E.2d 37, 39 (1976) (noting that it would be "gross error to allow the plaintiff to awaken from his long five-year sleep and suddenly come alive and secure service and relief from his inexcusable neglect"); *Brown v. Lumbermens Mut. Cas. Co.*, 285 N.C. 313, 204 S.E.2d 829, 834 (1974); *State Farm Mut. Auto. Ins. Co. v. Wharton*, 88 Nev. 183, 495 P.2d 359, 361 (1972).

The majority says the defendant should not have been granted summary judgment on the basis that plaintiff did not have capacity to sue the tortfeasor. When the case gets to trial, however, most defenses available to the alleged tortfeasor should be available to the UIM insurer in defending the UIM claim.

ANDREASEN, J., joins this special concurrence.