Jerald M. JACKSON; Theresa E. Jackson; and Jerald M. Jackson and Theresa E. Jackson, As Parents and Next Friends of Jamey Jackson and Tim Jackson, Minors, Appellants,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.

No. 93–1857.

Supreme Court of Iowa.

Feb. 22, 1995.

Rehearing Denied March 29, 1995.

Joel J. Yunek of Laird, Heiny, McManigal, Winga, Duffy & Stambaugh, P.L.C., Mason City, for appellants.

Angela A. Swanson of Morain, Burlingame, Pugh & Koop, West Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LARSON, Justice.

This is a suit on an underinsured motorist policy provided by Farm Bureau Mutual Insurance Company. A jury returned a verdict for the plaintiff, Jerald Jackson. The court, however, reduced it by the amount of disability payments Jackson had received under a separate disability policy. We affirm.

Jackson was injured in a collision with Calvin Christenson. Jackson settled with Christenson for the liability limits of $100,000 under Christenson's insurance, then sued Farm Bureau under his own underinsured motorist policy.

Jackson moved in advance of trial to exclude evidence of $22,080 in disability benefits received by him under the disability policy. The court denied the motion and admitted the evidence.

The court informed the jury that Jackson had received the $100,000 from Christenson and the $22,080 in disability benefits. It further instructed that the jury should determine the total amount of damages without regard to the settlement or disability proceeds received by Jackson. The jury's verdict included:

| | |
|---|---|
| Past medical expenses | $ 20,043.50 |
| Present value of future medical expenses | $ 15,000 |
| Reasonable value of loss of time from his business | $ 35,000 |
| Present value of loss of future earning capacity | $ 88,180 |
| Loss of function of the body | $ 20,000 |
| Present value of future loss of function of the body | $ 30,000 |
| Physical and mental pain and suffering | $ 30,000 |
| Present value of future physical and mental pain and suffering | $ 45,000 |
| Loss of consortium | $ 46,000 |
| TOTAL | $329,223.50 |

The district court reduced the verdict by two percent ($5664.47) for failure to wear a seat belt; $100,000 for the amount received from Christenson; and $22,080 for the amount of the disability benefits paid under

Farm Bureau's policy. It entered judgment in favor of Jackson for $201,479.03. Jackson unsuccessfully moved to modify the judgment by adding back the amount of the disability benefits, and this appeal followed.

The sole issue is whether the court correctly reduced Jackson's judgment by the $22,080 received in disability benefits under this provision of his underinsured motorist policy:

> Any amount payable under this part shall be reduced by any amount paid or payable to or for the insured under any workmen's compensation, *disability benefits*, or similar law.

(Emphasis added.)

Jackson argues that the judgment should not have been reduced by the disability benefits because (1) evidence of those payments is barred by the collateral source rule, and (2) the policy provision may be read to exclude only benefits under disability benefit *laws* (such as social security disability); therefore, the statute is ambiguous and must be construed to his benefit.

■ As to the collateral source argument, Iowa Code section 516A.2(1) (1991) provides that underinsured motorist coverage

> may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits.

Under this statute, offset clauses such as the one here are valid if the result is to prevent duplication of coverage. *See Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 461 N.W.2d 291, 295 (Iowa 1990); *Poehls v. Guaranty Nat'l Ins. Co.*, 436 N.W.2d 62, 65 (Iowa 1989). We conclude that the exclusion here is valid and does not offend the collateral source rule.

■ The second argument, that the policy exclusion should be read to apply only to receipts under a disability law, was not raised in the trial court and error therefore was not preserved. Accordingly, we do not address that issue.

AFFIRMED.