Lloyd G. MATTHESS, Appellant,

v.

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Colonial Insurance Company of California, Defendants,

and

### Heritage Mutual Insurance Company, Appellee.

No. 95–283.

Supreme Court of Iowa.

May 22, 1996.

ANDREASEN, Justice.

Lloyd G. Matthess appeals the district court's ruling on Heritage Mutual Insurance Company's (Heritage) application for judgment credits in this action arising out of an automobile accident. The court held Heritage was entitled to credit for workers' compensation payments received by Matthess as permitted by Iowa Code section 516A.2(1) (1993). Matthess urges the district court erred in finding Heritage was entitled to credit for payments he received from workers' compensation benefits. He claims Iowa Code section 516A.4 limits Heritage's right to credit to those payments made by persons who are "legally responsible for the bodily injury" he sustained. We affirm the district court's ruling.

## I. Background Facts and Proceedings.

In 1990, Matthess, a salesman for Bruce McGrath Pontiac, Inc., was injured in a two-vehicle collision while in the back seat of a car being test driven by a customer. Matthess filed a petition against both drivers for damages arising out of the collision. Matthess settled with the driver that struck his car for $20,000, the policy limits available under the driver's liability coverage. Matthess also received workers' compensation benefits in the amount of $69,475.26.

Matthess filed a suit against three insurance companies that had issued automobile liability policies on the individuals and vehicle involved in the accident. The vehicle owned by Bruce McGrath was insured by Heritage. The customer was insured by Colonial Insurance Company of California (Colonial), and Matthess was insured by State Farm Mutual Automobile Insurance Company (State Farm). Matthess sought recovery from each insurer under their respective underinsured coverage provisions.

Colonial and State Farm filed motions for a separate trial. Trial proceeded against Heritage alone on the stipulation that State Farm and Colonial would be bound by the verdict. Pursuant to the stipulation, the only issue to be determined by the jury at the time of trial was the nature and extent of the damages sustained by Matthess as a result of the accident. The jury returned a verdict finding Matthess had sustained damages in

Hugh G. Albrecht of Tom Riley Law Firm, Cedar Rapids, for appellant.

Stephen J. Powell and Natalie Williams Burris of Swisher & Cohrt, P.L.C., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

the amount of $50,085. A judgment for this amount was entered against Heritage. Matthess filed a motion for new trial challenging the verdict as inadequate. The district court denied the motion and we ultimately affirmed the district court's order. *Matthess v. State Farm Mut. Auto. Ins. Co.*, 521 N.W.2d 699, 704 (Iowa 1994).

Subsequently, Heritage filed an application for a hearing on judgment credits. This application sought a judicial determination of whether and to what extent the judgment entered upon the jury verdict was subject to reduction for amounts Matthess had received in workers' compensation benefits and in settlement. Following hearing the court ruled that Heritage should receive credit against the underinsured motorist coverage for the $69,475.26 of workers' compensation benefits and the $20,000 in settlement previously paid to Matthess. Matthess appeals the portion of the ruling allowing credit for the workers' compensation benefits.

## II. *Workers' Compensation Benefits Offset.*

The underinsured motorist coverage of the policy issued by Heritage contained the following clause: "Amounts payable under this coverage will be reduced by (a) All sums paid or payable under any workers' compensation law, disability benefits law or similar law." Matthess contends that the provision is unenforceable because it is contrary to Iowa Code section 516A.4. In relevant part, section 516A.4 provides as follows:

> In the event of payment to any person under the coverage required by this chapter and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.

Iowa Code § 516A.4. Matthess urges that section 516A.4 strictly limits an underinsured carrier's right of reimbursement to payments made by those persons or organizations "le-gally responsible for the bodily injury" sustained by the injured person. We disagree.

■ Any underinsured motorist coverage offered by an insurer is required to comply with Iowa's underinsured motorist statute, chapter 516A. *Wetherbee v. Economy Fire & Cas. Co.*, 508 N.W.2d 657, 659 (Iowa 1993). The purpose of the "statute is to provide compensation to an insured who is the victim of an underinsured motorist's negligence to the same extent as if the underinsured motorist were adequately insured." *Id.* at 660. "'If a policy's provisions are contrary to the statute, the policy provisions are rendered ineffective, and the statute controls.'" *Id.* at 659 (quoting *Hinners v. Pekin Ins. Co.*, 431 N.W.2d 345, 346 (Iowa 1988)).

■ Under section 516A.4 an insurer making underinsured motorist coverage payments is entitled to proceeds recovered by the insured from the "person or organization legally responsible for the bodily injury." This entitlement is not dependent upon policy language. We find no language in section 516A.4, however, limiting the insurer to only this offset. Furthermore, in section 516A.2(1), the legislature has explicitly allowed underinsured motorist carriers to include offsets in their policies designed to avoid duplication of insurance. *See Veach v. Farmers Ins. Co.*, 460 N.W.2d 845, 847 (Iowa 1990).

We presume that, in enacting a statute, the legislature intended the entire statute to be effective. Iowa Code § 4.4. We consider all portions of the statute together, without attributing undue importance to any single or isolated portion. *John Deere Dubuque Works of Deere & Co. v. Weyant*, 442 N.W.2d 101, 104 (Iowa 1989).

Section 516A.2(1) provides that underinsured motorist coverage "may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits." We have held that the words "insurance or other benefits" in section 516A.2(1) encompass workers' compensation benefits. *McClure v. Employers Mut. Cas. Co.*, 238 N.W.2d 321, 329 (Iowa 1976). In *McClure v. Northland Insurance Cos.*, 424 N.W.2d 448, 449 (Iowa 1988), we addressed policy "provisions which allowed

the insurers to reduce the underinsured motorist coverage limits by the amounts received from workers' compensation and other insurance." Under our adopted broad coverage view, the goal of underinsured motorist coverage is "full compensation to the injured party to the extent of damages sustained." *McClure*, 424 N.W.2d at 450. Consequently, we held that the insurer cannot deduct workers' compensation benefits from the underinsurance policy limits. *Id.* Instead, amounts "received by a victim in the form of workers' compensation benefits should be deducted from the total amount of damages *sustained* by the victim, and the underinsured motorist coverage should make up the difference." *Id.*

In *Jackson v. Farm Bureau Mutual Insurance Co.*, 528 N.W.2d 516, 517 (Iowa 1995), we held that the district court correctly reduced a judgment by amounts received in disability benefits under the following underinsured motorist policy provision:

> Any amount payable under this part shall be reduced by any amount paid or payable to or for the insured under any workmen's compensation, disability benefits, or similar law.

We concluded that the offset clause was valid under section 516A.2(1). *Jackson*, 528 N.W.2d at 517; *cf. Gentry v. Wise*, 537 N.W.2d 732, 736–37 (Iowa 1995) (policy provisions requiring social security disability benefits to be deducted from uninsured motorist policy limits are enforceable under section 516A.2).

We conclude that Heritage's policy provision is valid pursuant to section 516A.2(1) to the extent it provides for the reduction of the insured's damages by amounts received by the insured under workers' compensation law. The policy provision fulfills the object of avoiding duplication of insurance. Section 516A.2(1) does not conflict with the provisions of 516A.4.

**AFFIRMED.**