Merle SHATZER, Appellant,

v.

**GLOBE AMERICAN CASUALTY COMPANY, a Division of GRE Insurance Group, Appellee.**

No. 00–0153.

Supreme Court of Iowa.

Dec. 19, 2001.

Gene Yagla and Karla J. Shea of Yagla, McCoy & Riley, P.L.C., Waterloo, for appellant.

Timothy W. Hamann of Clark, Butler, Walsh & Hamann, Waterloo, for appellee.

STREIT, Justice.

Merle Shatzer was seriously injured in an automobile collision. He sued both the driver and owner of the other car. After he settled with their insurance companies Shatzer sued his own insurance carrier, Globe American Insurance Company, for underinsured motorist benefits. Globe filed a motion for partial summary judgment seeking a determination the underinsured motorist benefits should be offset by amounts of private disability benefits Shatzer received from his employer. The court denied Globe's motion. Following a trial to the court, Shatzer was awarded damages for loss of income, pain and suffering, and future pain and suffering. The court reduced the award for future pain and suffering to reflect present value. Shatzer appeals arguing the court erred in reducing the award for future damages. Globe cross-appeals. Because we find the court incorrectly reduced Shatzer's future damages and the court correctly denied Globe's motion for partial summary judgment, we reverse on the appeal, affirm on the cross-appeal, and remand.

## I. Background Facts

Shatzer suffered serious injuries in an automobile accident. The other vehicle was driven by Boyd Bartholomew and owned by Chris Johnson. Shatzer received multiple injuries as a result of the accident, including two broken ribs, contusions, and a brain injury. On June 6, 1997, Shatzer sued Bartholomew and Johnson and settled with their insurance companies for the policy limits of their two policies—a combined $45,000.

On the day of the car accident, Shatzer was insured by Globe American Insurance Company. His policy included $20,000 for underinsured motorist (UIM) benefits. On July 17, 1998, Shatzer sued Globe for the UIM benefits. Globe admitted the policy applied to the accident, but refused to pay Shatzer, claiming Shatzer's injuries did not exceed the $45,000 already paid to him by the tortfeasors.

Globe filed a motion for partial summary judgment seeking a determination the amount payable under Shatzer's UIM coverage should be reduced by the amount of disability benefits Shatzer received from his employer. The court denied Globe's motion for partial summary judgment.

After a trial to the court, the court awarded Shatzer $26,000 for loss of income, $15,000 for pain and suffering, and $30,000 for future pain and suffering. The court reduced the award for future pain and suffering to a present value of $7500. In total, the court awarded Shatzer $48,700. The court reduced this amount by the $45,000 Shatzer received from the tortfeasors and awarded Shatzer a final sum of $3700.

Shatzer filed a 179(b) motion arguing the court neglected to award $7,176.99 for medical expenses and erred in reducing future pain and suffering to present value. The court granted the motion with respect to the additional medical expenses, but denied the part of the motion requesting the court not reduce the award for future pain and suffering. Shatzer appeals from this adverse ruling.

On appeal, Shatzer contends the court erred in reducing the award for future damages to present value. Globe cross-appeals arguing the court erred in overruling its motion for partial summary judgment in which Globe sought to offset the total award for private disability benefits Shatzer received from his employer.

## II. Scope of Review

▇▇▇ The court reduced Shatzer's award for future damages to present value pursuant to Iowa Code section 624.18 (1999). Statutory challenges are reviewed for errors at law. Iowa R.App. P. 4; *State v. Klawonn*, 609 N.W.2d 515, 518 (Iowa 2000) (citing *State v. Orozco*, 573 N.W.2d 22, 24 (Iowa 1997)). Review of a district court's grant or denial of summary judgment is for correction of errors at law. *Westfield Ins. Cos. v. Economy Fire & Cas. Co.*, 623 N.W.2d 871, 876 (Iowa 2001) (citing *Krause v. Krause*, 589 N.W.2d 721, 724 (Iowa 1999)). A district court properly grants summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Iowa R. Civ. P. 237(c); *Westfield Ins. Cos.*, 623 N.W.2d at 876 (*citing LeMars Mut. Ins. Co. v. Joffer*, 574 N.W.2d 303, 306 (Iowa 1998)). We review the record in the light most favorable to the non-moving party. *Id.*

## III. The Merits

▇▇▇ The court awarded Shatzer $30,000 for future pain and suffering. Pursuant to Iowa Code sections 624.18(2) and 668.8 (1999), the court reduced the award to present value. Shatzer argues the court erred in reducing the award for future damages. Two Iowa Code provisions are relevant to this issue. First, the Iowa Comparative Fault Act provides "all awards for future damages shall be calculated according to the method set forth in section 624.18." Iowa Code § 668.8. Second, Iowa Code section 624.18(2) provides:

> In all personal injury actions where the plaintiff recovers a sum of money that, according to special verdict, is intended, in whole or in part, to address future damages of the plaintiff, that portion of

the judgment that reflects the future damages shall be adjusted by the court or the finder of fact to reflect the present value of the sum.

*Id.* § 624.18(2). Both code provisions are applicable only to actions filed after July 1, 1997. 1997 Iowa Acts ch. 197, § 16 (codified at Iowa Code § 624.18(2)).

Shatzer filed the original action against the tortfeasors on June 6, 1997. He filed suit against Globe to recover his underinsured motorist benefits on July 17, 1998. Globe argues because Shatzer filed suit against Globe after July 1, 1997, the future damages award must be reduced to present value pursuant to Iowa Code section 624.18(2).[1] Shatzer argues the suit against Globe relates back to the original action filed against the tortfeasors. He argues Iowa Code section 624.18(2) does not apply to this future damages award.

Shatzer had a contract with Globe for automobile insurance coverage. Shatzer's insurance contract with Globe included coverage for UIM benefits. UIM insurance is a first party coverage arrangement that provides individuals with indemnification in the event a negligent motorist is not adequately insured for damage that results from a motor vehicle accident. 3 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 32.1, at 13–14 (2d ed.2001) [hereinafter Widiss]. Under such a contract, Shatzer is entitled to receive compensation he would have recovered from the owner or operator of an underinsured motor vehicle because of bodily injury. *See id.* § 39.1, at 309. We must determine the amount Shatzer was legally entitled to recover from the tortfeasors for the wreck.

In Iowa, an award of damages for future pain and suffering must be reduced to

---

1. Globe contends Shatzer could have prevented this result by initiating suit against Globe at the same time Shatzer sued the tortfeasors on June 6, 1997.

present value pursuant to Iowa Code section 624.18(2). This section is applicable to actions filed after July 1, 1997. 1997 Iowa Acts ch. 197, § 16 (codified at Iowa Code § 624.18(2)). When the accident occurred on May 3, 1997, the statute was not yet in effect. Shatzer's insurance contract provides coverage for

> compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle. The bodily injury must be caused by the accident and arise out of the ownership, maintenance or use of the underinsured motor vehicle.

Shatzer filed suit against the tortfeasors on June 6, 1997. Because the suit against the tortfeasors was initiated before the effective date of the statute, Shatzer was legally entitled to recover damages for his injuries without a reduction of future damages to present value. In calculating Shatzer's future damages, the court imposed the requirements of Iowa Code section 624.18(2) when the statute was not then in effect. Consequently, the court erred in reducing the future pain and suffering award from $30,000 to $7500. We reverse and remand for the entry of judgment without said reduction.

## IV. Limits of Liability

■ While Shatzer recuperated from the injuries sustained in the accident, he received disability benefits from his employer, John Deere & Company. Globe filed a motion for partial summary judgment seeking a determination the award should be reduced by the amount of disability benefits Shatzer received from his employer. The court denied Globe's motion finding the language of the policy did not require Shatzer to reimburse the insurer for any disability benefits received by his employer. Globe cross-appeals.

This issue presents a question of contract interpretation. The pertinent insurance contract provision provides UIM coverage will be reduced by "[a]mounts paid or payable under any workers' compensation, medical or disability benefits *law,* or any similar law." (Emphasis added.) Globe contends this provision contemplates the type of disability benefits Shatzer received from his employer. We must determine whether Globe's insurance policy provision requires an offset for benefits received pursuant to a private contract.

We have not before examined the policy provision at issue under the present facts. We have, however, addressed this issue with regard to workers' compensation, social security benefits, and "disability benefits." [2] In *Matthess v. State Farm Mutual Automobile Insurance Co.,* we held a policy provision which provided for reduction for workers' compensation benefits received is valid as it fulfilled the object of avoiding duplication of insurance. *Matthess v. State Farm Mut. Auto. Ins. Co.,* 548 N.W.2d 562, 565 (Iowa 1996). In another case involving uninsurance, we held the insurer may receive credit against the insured's social security disability benefits attributable to the accident. *Gentry v. Wise,* 537 N.W.2d 732, 737–38 (Iowa 1995). Similarly, where an insurance policy provided a reduction for "disability benefits," we held the insurer was permitted to reduce a jury verdict awarded in favor of the insured by the amount of disability benefits received under a disability policy. *Jackson v. Farm Bureau Mut. Ins. Co.,* 528 N.W.2d 516, 517 (Iowa 1995). In each case, we permitted offset of benefits where

---

**2.** The insurance contract here reduced coverage for amounts paid under any "medical or disability benefits *law.*" (Emphasis added.)

the insurance contract explicitly named the particular type of benefit as an exclusion.

■ In the present case, we must look to the language of the policy provision to determine whether the UIM benefits should be reduced by private disability benefits received by the insured. The well-known maxim of construction known as *ejusdem generis* has force in this case. This maxim aids in ascertaining the meaning of a statute or other written instrument, such as a contract. The rule in its most specific application means "of the same kind, class, or nature." Under this doctrine, specific words following more general words restrict "application of the general term[s] to things that are similar to those enumerated." *Metier v. Cooper Transp. Co.*, 378 N.W.2d 907, 912–13 (Iowa 1985) (quoting 2A N.J. Singer, *Sutherland Statutory Construction* § 47.17 (4th ed.1984)); *see* Restatement (Second) of Contracts § 203(c), at 93 (1981); 3 Arthur L. Corbin, *Corbin on Contracts* § 547, at 176 (1960). Applying this rule to the case before us, the issue becomes whether private disability benefits are of the same kind, class, or nature as payments made under "workers' compensation, medical or disability benefits law or any similar law" so the terms can be grouped and considered together.

■ Insurers may include in their contracts "terms, exclusions, limitations, conditions, and offsets to avoid duplication of insurance or other benefits." Iowa Code § 516A.2. However, the insurance contract must contain any limitations or exclusionary clauses in clear and explicit language. *See Prudential Ins. Co. of Am. v. Martinson*, 589 N.W.2d 64, 65 (Iowa 1999) (citations omitted); *see also Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 461 N.W.2d 291, 294 (Iowa 1990) (exceptions and conditions in insurance policies will be enforced only if the language is clear and unambiguous). Provisos not included in the insurance contract will not be enforced. 3 Widiss § 41.7, at 431.

In the case before us, the language of the policy provision does not clearly and unambiguously provide UIM benefits will be reduced by the amount of private disability benefits received by the insured from his or her employer. The insurance contract states Globe's limit of liability payable for UIM coverage will be reduced by "amounts paid or payable under any workers' compensation, medical or disability benefits law or any similar law." It clearly does not count private disability benefits as a reduction.

In conclusion, we find Globe is not expressly authorized or permitted to offset the private benefits Shatzer received from his employer. The offset provision is inapplicable as to the private disability benefits received by Shatzer. Since we find there is no genuine issue of material fact, we conclude the district court properly denied Globe's motion for partial summary judgment.

We affirm on the cross-appeal, reverse on the appeal, and remand for the entry of judgment without said reduction.

Costs taxed against appellee.

**REVERSED ON APPEAL, AFFIRMED ON CROSS APPEAL, AND REMANDED.**