On March 20, 2001, Preston Mason was involved in a motor-vehicle accident with an uninsured motorist. On March 26, 2003, Mason sued State Farm Mutual Automobile Insurance Company ("State Farm") seeking uninsured-motorist benefits. Mason obtained a judgment against State Farm; State Farm then appealed to the Court of Civil Appeals. The Court of Civil Appeals reversed the judgment of the trial court and remanded the case for the entry of a judgment in favor of State Farm. StateFarm Mut. Auto. Ins. Co. v. Mason, 982 So.2d 507
(Ala.Civ.App. 2007). The basis for the Court of Civil Appeals' decision was its conclusion that an uninsured-motorist insurer may rely upon a statute-of-limitations defense that would be available to the uninsured motorist. This Court granted certiorari review, and we reverse and remand.
In making its decision, the Court of Civil Appeals did not have the benefit of this Court's decision in State Farm Mut.Auto. Ins. Co. v. Bennett, 974 So.2d 959 (Ala. 2007). InBennett, this Court held that an uninsured motorist's statute-of-limitations defense, a procedural defense, is not available to State Farm in defense of a claim for uninsured-motorist benefits. In this case, State Farm argues that there is "no distinction between procedural defenses and substantive defenses." State Farm's brief, at 15. However, as this Court explained in Bennett, there is an important distinction, and that distinction is dispositive of this case. Only the uninsured motorist's substantive defenses are available to the insurer.
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and SEE, LYONS, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., recuses himself.