The Alabama Supreme Court has reversed this court's January 12, 2007, reversal of the trial court's judgment, and it has remanded the case to this court. Ex parte Mason,982 So.2d 520 (Ala. 2007). In compliance with the Alabama Supreme Court's opinion, we now affirm the trial court's judgment insofar as that court concluded that Preston Mason's claim for uninsured-motorist-insurance benefits was not barred by his failure to bring it within two years of the occurrence of the motor-vehicle accident made the basis of his claim.
Because this court determined, on original submission of the appeal, that the trial court's judgment was due to be reversed in its entirety, we "pretermit[ted] consideration of whether the trial court erred in failing to reduce the damages award in this case" to $40,000, the aggregate monetary limit of the uninsured-motorist-insurance coverage of the two policies issued by State Farm Mutual Automobile Insurance Company to Mason's wife. 982 So.2d at 512. That issue is now ripe for this court's consideration on remand from the Alabama Supreme Court, and consistent with the position espoused in the special writing issued by former Presiding Judge Crawley, we now "vacate the award of damages in the amount of $40,968.30 and remand the cause to the trial court with instructions to reduce the award to the policy limits of $40,000." 982 So.2d at 513 (Crawley, P.J., dissenting from the rationale and concurring in the judgment in part).
JUDGMENT AFFIRMED IN PART; JUDGMENT VACATED IN PART; AND REMANDED.
All the judges concur.