# IN THE COURT OF APPEALS OF IOWA

No. 22-0329
Filed January 11, 2023

**KATELYN EIKENBERRY,**
        Plaintiff-Appellant,

**vs.**

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Amy Zacharias, Judge.

Katelyn Eikenberry appeals the grant of summary judgment in favor of American Family Mutual Insurance Company. **AFFIRMED.**

Thomp J Pattermann of the Law Office of Gallner & Pattermann, P.C., Council Bluffs, for appellant.

Brenda K. Wallrichs of Lederer Weston Craig PLC, Cedar Rapids, and Lyssa Henderson, Madison, Wisconsin, for appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

This appeal concerns an issue of first impression in Iowa: when recovery against a motorist–tortfeasor is impossible, can a plaintiff's underinsured motorist (UIM) claim survive summary judgment? We answer "no" and hold that, when a cause of action against a tortfeasor is definitively barred, the plaintiff is not legally entitled to recover against the UIM insurer.

## I.      Background Facts and Course of Proceedings

In 2016, Katelyn Eikenberry was involved in an automobile crash with a vehicle driven by Samantha Owens. Eikenberry alleged she suffered injuries and filed suit, asserting claims against Owens and both parties' insurers.

As relevant to this appeal, one of the named insurers—American Family Mutual Insurance Company (American Family)—issued a policy to Eikenberry's father with UIM coverage for Eikenberry. That insurance policy provided that American Family would "pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle." The policy also expressly provided that American Family could "not be sued" for any claim "unless all the terms of this policy are complied with."

Eikenberry never properly served Owens with the lawsuit. Owens moved to dismiss the claim, which was by then barred by the statute of limitations. Eikenberry resisted by claiming she attempted timely service through the Iowa Department of Transportation, but that service was also incomplete and untimely, and no return of service was ever filed. The district court dismissed Owens from the lawsuit with prejudice. A panel of this court affirmed, and Eikenberry did not

seek further review. *See Eikenberry v. Owens*, No. 19-1723, 2021 WL 210754, at *1 (Iowa Ct. App. Jan. 21, 2021).

Back in the district court, American Family moved for summary judgment. The crux of American Family's argument was that, because recovery against Owens was now impossible, Eikenberry's UIM claim against American Family was also barred. In other words, American Family argued that Eikenberry was not "legally entitled to recover" under the terms of the policy. Eikenberry filed an untimely resistance asserting disputed facts related to negligence and damages, but she did not contest that—under the particular circumstances of this case—recovery against Owens was impossible. The district court granted summary judgment in favor of American Family, and this appeal follows.

## II.      Preservation of Error

The parties do not dispute that error was preserved regarding the "legally entitled to recover" element. However, American Family asserts that Eikenberry did not preserve a challenge regarding whether the insurer was prejudiced. We agree with American Family that this issue is not properly before our court.

Eikenberry's only assertion regarding error preservation reads, "The matters in this appeal were timely preserved by the filing of the notice of appeal on February 18, 2022." As we have said no less than sixty times over the past decade, "the notice of appeal has nothing to do with error preservation." *See e.g., State v. Lange*, 831 N.W.2d 844, 846 (Iowa Ct. App. 2013) (quoting Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006)). Our rules of appellate procedure explicitly require briefs to identify and cite "to the places in the

record where the issue was raised and decided." Iowa R. App. P. 6.903(2)(g)(1). We could conclude Eikenberry's failure to cite to the record waived this issue. But we have nonetheless conducted an independent review of the record and conclude the issue was not preserved. The district court never ruled on whether American Family had to prove it was prejudiced or whether prejudice was proven on the undisputed summary-judgment record. Issues must be raised *and* decided to preserve error. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). Because the district court did not decide the issue, and Eikenberry did not file an Iowa Rule of Civil Procedure 1.904(2) motion to obtain a ruling, error was not preserved as to prejudice.[1] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

III.    **Standard of Review**

We review a summary judgment ruling for correction of errors at law. *Susie v. Family Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 336 (Iowa 2020). Summary judgment is appropriate when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.*

---

[1] Even if this error had been preserved, it would not have carried the day. Regardless of any statutory prejudice analysis, the insurance agreement independently required Eikenberry to prove she was "legally entitled to recover," and we hold in this opinion she did not carry that burden. This precludes relief. And even if it did not, the loss of subrogation rights was prejudicial. *See Grinnell Mut. Reins. Co. v. Recker*, 561 N.W.2d 63, 71 (Iowa 1997).

**IV.     Discussion**

The "legally entitled to recover" provision of the insurance agreement in this case tracks the underinsured motorist statute, Iowa Code section 516A.1 (2018). "The purpose of this statute is to provide compensation to an insured who is the victim of an underinsured motorist's negligence to the same extent as if the underinsured motorist were adequately insured." *Wetherbee v. Econ. Fire & Cas. Co.*, 508 N.W.2d 657, 660 (Iowa 1993). Our supreme court has assigned the burden of proving "legally entitled to recover" to the insured, rather than the insurer. *Hagenow v. Am. Fam. Mut. Ins. Co.*, 846 N.W.2d 373 (Iowa 2014). We conclude Eikenberry has failed to carry her burden on the undisputed facts, and we therefore affirm the district court's summary judgment ruling.

While it is true that "'legally entitled to recover' is given a liberal interpretation, not a literal one," the interpretation must be consistent with the text and purpose of the statute. *See Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 29 (Iowa 2005); *accord Wetherbee*, 508 N.W.2d at 660. For example, our supreme court has held that the spouse of a deceased party may pursue a UIM claim, even if she could not pursue the specific tort of wrongful death, because the statute "does not purport to define the proper party who may bring an action on the policy against the insurance company." *Wetherbee*, 508 N.W.2d at 660. Our supreme court has also recognized that an insured need not file a second lawsuit against the tortfeasor before seeking recovery from the insurer, as the statute imposes no such requirement and it is undesirable to discourage pre-suit settlements. *See In re Est. of Rucker*, 442 N.W.2d 113, 115 (Iowa 1989). But unlike these two scenarios—which concern matters consistent with the statute's

purpose but not addressed by the statutory text—the question presented in this appeal rises and falls on the "legally entitled to recover damages" language adopted by the General Assembly.

"[T]he only reasonable interpretation of 'legally entitled to recover damages' is that it means the insured must have suffered damages caused by the fault of the underinsured motorist and be entitled to receive those damages." *Wetherbee*, 508 N.W.2d at 661. Against this straightforward definition, Eikenberry's claim fails. She is not legally entitled to recover damages because her claim against Owens was dismissed with prejudice due to the service failure and is now indisputably barred by the statute of limitations. We hold that a claim that is definitively barred is not a claim from which a motorist is "legally entitled to recover" in an UIM suit against an insurer.

Although no Iowa case is directly on point to the circumstances here, our supreme court has generally recognized that "legally entitled to recover" does not include a recovery that is "barred under substantive law." *Otterberg*, 696 N.W.2d at 30. Our supreme court has also held that failure to comply with procedural provisions of the insurance agreement can prevent satisfaction of the "legally entitled to recover" requirement. *Wilson v. Farm Bureau Mut. Ins. Co.*, 714 N.W.2d 250, 258 (Iowa 2006). And the supreme court has noted that "[m]any courts and leading commentators agree the determination whether an insured is legally entitled to recover includes considering the defenses available to the uninsured [or underinsured] motorist." *Hagenow*, 846 N.W.2d at 381.

Consistent with these principles, Iowa case law recognizes that, when the category of damages sought is prohibited by case law, the motorist's claim fails

the "legally entitled" prong of the UIM statute and associated agreements. *See Green v. Cont'l W. Ins. Co.*, No. 01-0152, 2002 WL 100686, at *1 (Iowa Ct. App. Jan. 28, 2002) (damages for loss of employee time, hiring replacement, workers' compensation premium cannot be recovered; therefore UIM plaintiff not "legally entitled to recover"). So too for claims expressly barred by contract. *See Sindt v. United Fire & Cas. Co.*, No. 04-0638, 2005 WL 1397362, at *2–5 (Iowa Ct. App. June 15, 2005). And for claims that cannot overcome a defense raised by the insurer. *See Hagenow*, 846 N.W.2d at 381. The common thread of these examples is that, when a claim is definitively barred, for whatever reason, the insured is not "legally entitled to recover." The deficient service and resulting statute-of-limitations bar here operate to definitively prevent recovery against the tortfeasor and thus defeat the related UIM claim against the insurer.

Our conclusion finds support in an opinion from the Minnesota Court of Appeals. In *Ronning v. State Farm Mutual Automobile Insurance Company*, like in this case, the plaintiff did not carry the burden to prove that he was "legally entitled" to recover from the tortfeasor. *See* 887 N.W.2d 35, 37 (Minn. Ct. App. 2016). Also like in this case, the plaintiff failed to timely sue the tortfeasor, but nonetheless brought a UIM claim against the insurer. *Id.* at 36. The Minnesota court affirmed dismissal of the UIM claim, reasoning—like we do—that the "legally entitled to recover" condition precedent cannot be met when a claim is definitively barred by failure of service and the statute of limitations. *Id.* at 37–40.

In her appellate brief, Eikenberry does not grapple with *Ronning*, even though it was cited below both by American Family and the district court. Eikenberry does not cite authority, from this jurisdiction or any other, at odds with

*Ronning.*[2]   She instead invites us to reinterpret "legally entitled to recover" to actually mean only "fault and damages," ignoring any potential defenses.   But this is an invitation we must reject.   We are of course bound by "what the legislature actually said, rather than what it might or should have said."   *Marcus v. Young*, 538 N.W.2d 285, 289 (Iowa 1995).   We are similarly without power to rewrite a contract. *See Smith v. Stowell*, 125 N.W.2d 795, 799 (Iowa 1964) (quoting 17A C.J.S. *Contracts* § 296(3) (1963)).   And even if we had such authority, we would not exercise it here, when the insurance agreement was drafted to track a statute and Eikenberry offers no good reason to re-define the term other than her desire for recovery.

Beyond the case law, common sense and the purpose of UIM coverage also support our holding.   The purpose of UIM coverage is to "compensate 'the victim of an underinsured motorist to the same extent as if the underinsured motorist were adequately insured.'"   *Hagenow*, 846 N.W.2d at 378 (quoting *Wetherbee*, 508 N.W.2d at 660).   Here, even if the tortfeasor had been adequately

---

[2] Although not cited by the parties, we are aware of some disagreement among jurisdictions.   *Compare Dworak v. Farmers Ins. Exch.*, 269 Neb. 386, 394, 693 N.W.2d 522, 528 (Neb. 2005) (finding failure to timely serve tortfeasor within statute of limitations barred relief, as insured was no longer "legally entitled to recover" against tortfeasor), *and State Farm Mut. Auto. Ins. Co. v. Sellers*, 854 F. Supp. 2d 609, 619 (N.D. Ind. 2012) (holding claims time-barred against tortfeasor do not satisfy "legally entitled to collect" condition for suit against insurer), *with Ex parte Mason*, 982 So.2d 520, 521 (Ala. 2007) (holding statute of limitations is a procedural bar that does not preclude UIM claims).   We think the better rule guarantees insurers are not punished for an injured party's "procedural misstep," like failure to timely file.   *See Soley v. State Farm Mut. Auto. Ins. Co.,* 600 S.E.2d 707, 708 (Ga. Ct. App. 2004).   And we agree fairness suggests that "[a]ny defense available to the uninsured tort-feasor should be available to the insurer," to defeat gamesmanship and "antics with semantics" in shifting liability.   *See Brown v. Lumbermens Mut. Cas. Co.*, 204 S.E.2d 829, 834 (N.C. 1974).

insured, Eikenberry is not entitled to receive any compensation from the tortfeasor because her claim is barred by the statute of limitations. Permitting Eikenberry's claim to go forward against American Family would defeat the purpose of UIM coverage by allowing her to recover from American Family something she could not recover from the tortfeasor, while also saddling American Family with the costs of legal defense.

Last, we embrace a public-policy observation made by the Minnesota Court of Appeals. *See Ronning*, 887 N.W.2d at 40. Insureds like Eikenberry are not left without a remedy by our decision. As a general proposition, if an attorney's negligence leads to dismissal of an action, a claim may lie against the attorney. *See id.* We express no opinion as to the merits of such a claim, but we do note the possibility of recovery, given that the failure to timely serve the tortfeasor has firmly closed the door to a UIM action in this case.

## V. Conclusion

We affirm the district court's grant of summary judgment. Because Eikenberry's claim against the tortfeasor is definitively barred, she is not "legally entitled to recover" against the insurer and cannot bring an underinsured motorist claim.

**AFFIRMED.**